## MAYOR AND COUNCIL OF AMERICUS *v.* JOHNSON.

1. Municipal corporations are required to keep their streets and sidewalks in safe condition for travel in the ordinary modes by day and by night; and are responsible if they fail to exercise ordinary and reasonable care and diligence for the accomplishment of this end.

2. A traveler using a street or sidewalk is required to use ordinary care to avoid being injured by any defect therein or obstruction thereon. What amount of lookout for defects or obstructions he must observe in order to meet this requirement is a question of fact for the jury, to be determined by the circumstances of each case.

3. An instruction to the jury, which, in attempting to define ordinary care, makes the jurors the standard of what is a prudent person is erroneous.

4. In order to bind a municipal corporation for the care of a strip of land offered by an abutting owner as a sidewalk, acceptance by the proper city authorities must be shown. The acceptance may be express or implied. If express, it can be shown only by the minutes of the official tribunal; if implied, it may be shown by proof that the sidewalk was worked and used under authority of the council, or other body having such matters in charge. Testimony that work was done upon the sidewalk by the street hands of the municipality, or by its engineer, or under the directions of its street committee, is admissible for the purpose of raising the inference that the work was done by the authority of the municipal body.

Action for damages, from city court of Americus—Judge Crisp. March 5, 1907.

Argued June 20,—Decided July 25, 1907.

*Lane, Maynard & Hooper,* for plaintiff in error.

*E. A. Nisbet, Blalock & Cobb,* contra.

Powell, J. The plaintiff obtained a verdict against the City of Americus on account of injuries received by her through her having fallen over a stump which she claimed was situated upon the sidewalk on the north side of Church street in that city. There was sharp conflict in the testimony as to whether the stump was within or without the northern margin of the sidewalk, and also as to whether the walk on the north side of the street was a sidewalk, in the sense of a walk used as a portion of a public street.

and under the control and responsibility of the city government. The injury occurred at night; but there was an electric arc lamp near by. The plaintiff admitted that she had seen the stump prior to the time of the injury; but explained that she had been accustomed to use the walk on the south side of the street, and was present on the north side on this occasion only by reason of the fact that the other side was temporarily obstructed, and that it had escaped her attention and memory that there was a stump on the walk she was using. The defendant introduced proof showing that, under the deeds by which the city held title to the street, this stump and probably the entire walk on the north side of the street were beyond the limits of the street. The plaintiff introduced evidence showing that the owner of the abutting property on the north side of the street had set his fences back, and had offered a dedication of the strip of land on which the stump was situated, for the purposes of a sidewalk, and that the street force of the city had worked it as a part of the street. The minutes of the city council were introduced showing that that body had never formally accepted the dedication. In the motion for a new trial several exceptions were taken to instructions of the court to the jury, and to rulings upon evidence. Upon that motion being overruled the city brings error.

1. The degree of diligence required of municipal corporations in the maintenance of their streets and sidewalks is now well settled. It is required that they keep their streets and sidewalks in safe condition for travel in the ordinary modes by day and by night; and they are responsible for a failure to exercise ordinary and reasonable care and diligence to this end. Whether they have exercised that care and diligence is a question of fact to be determined by the circumstances of each case. In determining this question regard must be had as to whether the street is newly opened or has been in existence for some time, whether the municipality is small and poor or populous and wealthy, whether the street is a frequented thoroughfare or a remote passageway; after viewing these and all other legitimate considerations the jury must determine whether, in the light of all the circumstances, the municipality has used reasonable diligence to make the highway safe. *Idlett* v. *Atlanta,* 123 *Ga.* 821; *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 and cit.; Elliott on Roads and Streets, § 613.

2. The court instructed the jury as follows: "I charge you that there is no duty on a person walking on a sidewalk to watch for the condition of the sidewalk, because the law imposes it upon the municipality to have it reasonably safe." Every person is bound to ordinary care to prevent injury to himself from another's negligence. The judge in another portion of the charge gave the jury this principle; but this, instead of curing the error, tended to aggravate it; for when the two instructions are taken together it is tantamount to saying that, while every person is bound to exercise ordinary care to prevent injury to himself, this degree of care would not require him to watch for the condition of the sidewalk. This is obviously a question for the jury. *Dempsey* v. *Rome, 125 Ga.* 804. While the jury may take into consideration the duty of the municipality to keep the sidewalk safe, as a circumstance tending to excuse the plaintiff from exercising as much caution for his own protection as otherwise he ought to use, yet this is to be given only such weight in determining the matter of his contributory negligence as the jury may believe it is entitled to under all the facts of the case. In this case the plaintiff knew there was a stump on the sidewalk. Some courts hold that this mere knowledge would defeat a recovery; but our courts, following the stronger current of authority, hold that the plaintiff's knowledge of the defect is not conclusive upon this subject. "The fact that a traveller voluntarily attempts to pass, with knowledge of the defect or obstruction, is not ordinarily conclusive evidence of a want of due care; but if he has or ought to have notice thereof, he must exercise such care as the circumstances demand; and if an ordinarily prudent person would not attempt to pass, under the circumstances, he would be guilty of contributory negligence." Elliott on Roads and Streets, §636. *Idlett* v. *Atlanta, 123 Ga.* 823 and cit.; *Harrell* v. *Macon, 1 Ga. App.* 413, and cit. One of the exceptions taken in the record is that the court erred in failing to charge the jury "that if the plaintiff knew that the stump over which she fell was upon the sidewalk, a greater degree of diligence should have been exercised upon her part to avoid the injury, and that if she failed to exercise a greater degree of diligence than that required of a person walking along the sidewalk and having no knowledge of any defect or obstruction in the sidewalk, she would not be entitled to recover."

From what has just been said it is manifest that this exception is not well taken. The degree of care is the same whether the traveler has knowledge of the defect or not; ordinary care and diligence is the requirement in either situation. To constitute ordinary care in the case where knowledge exists may require the exercise of more caution, of more forethought, of more circumspection, or the employment of more acts of prudence than in the case where the knowledge does not exist; but the degree of care is always the same. The court should leave to the jury, untrammeled by any intimations further than a statement of the general legal rules applicable, the whole question of what acts the plaintiff should have done or should have refrained from doing under the particular situation.

3. In defining ordinary care the trial judge used this language to the jury: "Ordinary care is that care which you and the generality of men would exercise in taking care of your own property and affairs." A charge which makes the individual jurors the standard of prudence is erroneous. *Coleman* v. *Allen,* 79 *Ga.* 643. The individual jurors might be extremely cautious men, or, on the other hand, might be somewhat careless; for uprightness and intelligence, not care and caution in handling one's affairs, is the test of the qualification of a juror; but from that intelligence, "from their observation, from their common sense, their common knowledge and experience," the jurors determine the standard of ordinary prudence, of ordinary care and diligence. *Broyles* v. *Prisock,* 97 *Ga.* 643.

4. To constitute a sidewalk a portion of a public street by dedication, both dedication and acceptance must appear; but both these elements may be shown by implication. To bind the city, the acceptance must be made by the public authorities; as to the City of Americus under section 43 of its charter, by the mayor and city council. Acts 1889, p. 972. If a formal acceptance be relied upon, this can be shown only by the minutes of the council. *Parsons* v. *Trustees,* 44 *Ga.* 538. If implied acceptance be relied upon, it may be shown by proof that the street or walk was used or worked as a highway under the authority of the council; mere use by members of the public is not sufficient. "Acceptance may be implied from repairs made and ordered, or knowingly paid for by the authorities which have the legal power to adopt the street

or highway." Abbott's Municipal Corp. §736; *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 954; *Georgia R. Co.* v. *Atlanta,* 118 *Ga.* 489; *Parsons* v. *Trustees,* supra; Elliott's Roads and Streets, §§151-154. There was sufficient evidence both as to the dedication and acceptance to authorize the submission of the same to the jury. Testimony that work was done upon the sidewalk by the street hands of the city, or by the city engineer, or under the direction of members of the street committee, is admissible for the purpose of raising the implication that the work was done under authority of the city council.

There being evidence tending to show that the stump was not on the land originally bought by the city for a street, and also a dispute as to whether the street had been widened by the donation of the abutting-land owner and acceptance by the city of an additional strip to be used for the sidewalk, both these questions should have been submitted to the jury.          *Judgment reversed.*