## 2432.    BROWNING *v.* VILLAGE OF CAVE SPRING.

RUSSELL, J. It is so apparent, from the testimony of the plaintiff, that her injury could have been prevented by the exercise of ordinary care on her part, that the grant of a nonsuit was not error. The plaintiff's full knowledge of the nature and condition of the footbridge only increased the obligation upon her part to observe due caution. The case is controlled by the ruling in *Southern Railway Co.* v. *Rowe*, 2 *Ga. App.* 558 (3, 4), 563 (59 S. E. 462).            *Judgment affirmed.*

Action for damages; from city court of Floyd county—Judge Hamilton.    December 13, 1909.

Argued April 13,—Decided May 12, 1910.

Mrs. Browning sued the Village of Cave Spring for personal injuries, which she alleged were caused by the defendant's negligence in failing to have guard-rails along the side of a bridge from which she stepped and fell.    At the trial she testified, that the bridge was in a street of the village and crossed a creek.    The part that crossed the creek had guard-rails, but the approaches had no rail or other protection at the sides.    The width was about eight feet.    The approaches were about twenty or thirty feet long.    She was walking across the bridge at night, on her way from the hotel, where she resided, to the grounds of the Institute for the Deaf and Dumb, and just after she had crossed the main part of the bridge, she

stepped off the right side of the approach, and fell to the ground, a distance of five or six feet, thereby sustaining the injuries for which she sued. It was dark and cloudy. She could see lights in the Institute, but no light was shed on the bridge. She was with a gentleman, and was laughing and talking as she went along, and was not thinking it was necessary to pay attention to where she was walking. She testified: "I told Mrs. Connor and Mrs. Wiggins I thought perhaps unconsciously I walked to the right because the lights of the Institution were to the right of the bridge, and perhaps unconsciously we moved toward them; but I do not know that." "From the fall of 1896 to the spring of 1900 I was teaching . . at the Deaf and Dumb Institute. . . I had occasion frequently to cross over this bridge during that time. I knew the bridge very well at that time. The approaches of the bridge were the same as they are now, I suppose." She left Cave Spring in the spring of 1900, and returned in the spring of 1909. The injury occurred in April, 1909. During a period of about ten days preceding the injury she frequently went over this bridge. She "went over it in the daytime, and had no occasion to notice its condition." She further testified: "Anybody crossing that bridge, it is obvious there are no railings to the bridge, if they take any notice of it. It is evident there is no railing there; and it was at that time if they looked at it at all. . . Anybody at all crossing the bridge at that time, or now, or before, its open condition, without any railing, is manifest." This condition could not have been seen on a night as dark as that on which the injury occurred.

At the conclusion of the plaintiff's evidence, counsel for the defendant moved for a nonsuit, on the grounds, that the municipality was not required to put a guard-rail on the bridge, and that the plaintiff knew or was charged with notice of the condition of the bridge. The court granted a nonsuit, and the plaintiff excepted.

*Lipscomb, Willingham & Wright,* for plaintiff, cited: Civil Code, §§5347, 5331; 131 *Ga.* 791; 125 *Ga.* 802; 94 *Ga.* 135, 138; 92 *Ga.* 223; 60 *Ga.* 474; 59 *Ga.* 544; 5 Cyc. 1101-2; 94 *Ga.* 420; 7 *Ga. App.* 244 (66 S. E. 627); 1 *Ga. App.* 413.

*R. A. Denny, Nathan Harris,* for defendant, cited: 124 *Ga.* 899; 121 *Ga.* 651-6; 118 *Ga.* 256; 116 *Ga.* 170; 115 *Ga.* 724; 112 *Ga.* 70; Id. 762; 107 *Ga.* 754; 95 *Ga.* 110; 94 *Ga.* 420; 2 *Ga. App.* 564; 5 Cyc. 1102, 1106.