## 7444. McCART v. JASPER COUNTY.

Even if the county was negligent in failing to erect and maintain guard-rails on the approach to the bridge on which the plaintiff's husband was driving his mules and wagon when they fell into the creek and he received the injury that caused his death, it appears, from the allegations of her petition, that he could by ordinary care have avoided the consequences to himself caused by the negligence complained of. The court therefore did not err in dismissing the petition on general demurrer.

DECIDED NOVEMBER 16, 1916.

Action for damages; from Jasper superior court—Judge Park. February 25, 1916.

*F. C. Foster, A. G. Foster, A. S. Thurman,* for plaintiff.

BROYLES, J. 1. The widow of one who deliberately and intentionally drove upon a county bridge spanning a creek, the immediate approach to the bridge on the west side of the creek consisting of an elevated embankment about fifteen feet wide and several feet higher than the surrounding lands, and who when he drove upon the bridge from the east side saw that, on account of rains and high water in the creek, the water was running over the top of the embankment near the west end of the bridge, the depth of the water on top of the embankment being about two feet, and who knew that the bridge was dangerous because it had no guard-rails on this embankment, can not, upon a petition which alleges no negligence except failure to erect such guard-rails, recover for the death of the deceased, caused solely by reason of their absence. Civil Code, §§ 4426, 4509; *Cooper* v. *Floyd County,* 112 *Ga.* 70 (37 S. E. 91); *County of Macon* v. *Chapman,* 74 *Ga.* 107; Fox *v.* Glastenbury, 29 Conn. 204; 5 Cyc. 1103, 1106 (D).

2. The plaintiff's petition, leaving out the prayer for process, and with the merely typographical errors corrected, is as follows: "Georgia, Jasper County. To the City Court of Monticello in said county. The petition of Mrs. Addie McCart shows that the defendant, the said County of Jasper, has injured and damaged her in the sum of five thousand dollars, arising on the following state of facts: (1) On the 15th day of October, 1914, said defendant county owned and operated, and had for many years prior to that time owned and maintained, a public road leading from Benton's store to Kelly, a station on the Central of Georgia Railway in said county, which said public road crosses Murder creek

49

over a bridge known as Barr's bridge. (2) That since the passage of the act of 1888, codified in the Code of 1910, sec. 748, said defendant county constructed and erected on said road a bridge over said creek, and threw up in said road an elevated embankment on the west side of said creek, leading to said bridge and its abutment, over which elevated embankment, several feet higher than the natural lands on either side, runs the roadway about fifteen feet wide to the bridge structure proper; which bridge is a public bridge of said county. (3) That said road was a public road of said county and in its use and control, the said bridge with its abutments and approaches constituted a necessary part thereof, and it was the duty of the defendant to keep the same in repair and in safe condition for the use of the public traveling thereon. (4) On the morning of October 15, 1914, your petitioner's husband, Alvin A. McCart, in his buggy, driving a mule and leading another, left his home on the west side of said Murder creek, and, traveling said road, passed over said embankment, abutments, and bridge, and went to said Kelly station. There he hitched the mule that he was driving and the one he had led, to a two-horse wagon loaded with a bale of cotton, and commenced his journey homeward in said wagon, with the buggy in which he had gone to Kelly, attached to the rear of the wagon. (5) When your petitioner's said husband, on his return from Kelly station in said wagon, driving said mules, reached said Murder creek, he passed safely over the bridge proper,—that is, the structure spanning the stream,—and went on the abutment and said elevated embankment along the top of which ran said roadway, and which was a part of said bridge. On account of rains and high water in said creek, the water running over the top of said embankment near the west end of said bridge, and driving his said wagon along this embankment in the water which was running over it, and which was about one and one-half to two feet deep, the mule on the right side became frightened at something and pushed the other off said embankment, and itself and the·wagon was pulled off after it, down some three to five feet into the creek and deep water, where your petitioner's husband was killed by being drowned. (6) Your petitioner's husband made every effort to save himself, clinging to bushes and trees, but was finally carried down and drowned. His and your petitioner's son,

Irby McCart, 14 years of age, was in said wagon with him and was also precipitated over said embankment and into said deep water, but saved himself by climbing a tree. (7) At the time your petitioner's said husband was precipitated into said water and drowned there was no point [on] said embankment where the water was swimming, or deep enough to have swam an animal or a man, and if said mules had kept the road on the top of said embankment, all would have passed safely over. (8) There were no banisters or guard-rails or other protection to travelers, running along each side of said abutment and embankment, and, while your petitioner's said husband was exercising all ordinary care and caution, he was totally and wholly unable to avoid the tragedy which ensued. (9) Your petitioner charges that said defendant was careless and negligent in failing to erect a railing, banister, guard-rail, or other contrivance on each side of said elevated approach to said bridge, to prevent vehicles from being thrown off of said approach by frightening horses or otherwise, just as was done in this case. Had there been such railing, banister, guard-rails, or other contrivance, to protect travelers, running along each side of said approach to said bridge, notwithstanding the fright of said mule, said wagon would have been scotched and prevented by said banister, guard-rails, or contrivance from falling or being pulled off said approach, and your petitioner's said husband would not have been drowned and lost his life. (10) Plaintiff alleges that the authorities of said defendant county having in charge the maintenance of said bridge and its approaches knew of the defect in said bridge and approaches complained of, in that there were no guard-rails or other contrivances running along each side of said approach to prevent buggies and other vehicles from being thrown from said embankment, at the time the plaintiff's husband was killed and long prior thereto, and that said defective and dangerous condition had existed for such a length of time as in law to charge the defendant with knowledge thereof, and further that said defendant county did have actual knowledge thereof. (11) At the time of the death of your petitioner's said husband, the said Alvin A. McCart, he was forty-one years of age, and became forty-one years of age on April 6th, 1914. He was in good health, strong and robust, and for seven years prior to 1914 he was a section foreman on the Central of Georgia Railway and earned $56 per

month, and was earning at least that much at the time he lost his life, which was brought about by the negligence and carelessness of the defendant county as hereinbefore set out. (12) By reason of the negligence and carelessness of the defendant county as hereinbefore set out, which was the direct and proximate cause of the death of your petitioner's said husband, said defendant county has injured and damaged your petitioner in the aforesaid sum of five thousand dollars, which it refuses to pay."

Construing this petition (as we must) most strongly against the pleader, it is plainly inferable from its allegations that the plaintiff's husband was perfectly familiar with the bridge, its elevated approach on the western side, the absence of guard-rails thereon, and all its other conditions, and that before he drove upon the bridge he saw its dangerous condition, caused by the rains and high water in the creek, and saw that the embankment (the elevated approach to the bridge on the west side), over which he had to cross, was several feet under water. It is clearly apparent from the petition itself that even if the defendant county was negligent in failing to erect and maintain guard-rails on this approach to the bridge, the husband of the plaintiff could by ordinary care have avoided the consequences to himself caused by such negligence. Accordingly, the court did not err in sustaining the general demurrer interposed, and in dismissing the petition.

*Judgment affirmed.*