### 17107.   CITY OF MACON v. NEWBERRY.

BROYLES, C. J.   1. In a suit against a municipal corporation for damages
for the homicide of the plaintiff's husband, where the original petition,
properly construed (most strongly against the plaintiff), shows that the
deceased, while in the full possession of all his faculties and in the day-
time, was driving a horse hitched to a wagon upon a street of the city,
and drove into a hole sixteen inches deep, three feet wide and ten feet
long, causing him to be thrown from the wagon and fatally injured, the
petition sets out no cause of action, as it is apparent that he saw or
should have seen such an obvious danger, and that he failed to exercise
ordinary care for his own protection.   *Holliday* v. *Mayor &c. of Athens,*
10 *Ga. App.* 709 (4), 712, 713 (74 S. E. 67) ; *Southern Railway Co.* v.
*Rowe,* 2 *Ga. App.* 557 (3) (59 S. E. 462) ; *McCart* v. *Jasper County,*
18 *Ga. App.* 769 (90 S. E. 725) ; *City of Columbus* v. *Griggs,* 113 *Ga.*
597 (1) (38 S. E. 953, 84 Am. St. Rep. 257).

2. "The section of the code of this State which declares that pleadings may
be amended, whether in matter of form or of substance, provided there
is enough in the pleadings to amend by, properly construed, means, that
in order to admit of an amendment, a valid cause of action must be set
forth in the original declaration." *Selma, Rome & Dalton R. Co.* v.
*Lacey,* 49 *Ga.* 107 (2).

3. Under the above-stated rulings and the pleadings in the instant case,
the original petition failed to set forth a valid cause of action, and the
court erred in allowing the amendment thereto. The amendment should
have been disallowed and the petition dismissed on the general demurrer.

*Judgment reversed.   Luke, J., concurs.   Bloodworth, J., not participating,
on account of illness.*

DECIDED APRIL 14, 1926.

Action for damages; from city court of Macon—Judge Hall.
January 8, 1926.

*Harry S. Strozier,* for plaintiff in error.   *J. D. Hughes,* contra.