### 17298.   LESLIE v. CITY OF MACON.

From the allegations of the petition it appears that the plaintiff failed to exercise ordinary care to avoid the consequences to herself caused by defendant's negligence, and the court did not err in dismissing the petition on motion.
DECIDED JUNE 15, 1926.

Action for damages; from city court of Macon—Judge Hall. March 19, 1926.

*R. G. Plunkett,* for plaintiff.   *H. S. Strozier,* for defendant.

LUKE, J.   Mrs. S. W. Leslie brought her action for personal injuries against the City of Macon.   The petition as amended was dismissed on motion, and plaintiff excepted.   That portion of the amended petition necessary to be considered is as follows:   (3) Petitioner shows that on or about April 2nd, 1924, she was a pedestrian traveling along what is known as Plum Street, in East Macon.   (4) Petitioner shows that at, or near the intersection of said Plum Street and Jones Avenue there is a branch, over which there was constructed at one time a bridge.   (5) Petitioner shows that several months ago said bridge, having become in such bad repair, was removed entirely by the City of Macon, its agents and

---

Municipal Corporations, 28 Cyc. p. 1471, n. 84.

employees, leaving only the old broken, uneven and slippery cement foundation, and that after the removal of the bridge pedestrians using said Plum Street had no way to cross said branch except by stepping upon and across the foundation of said bridge. (6) Petitioner shows that on said date she was walking along Plum Street, going in the direction of Jones Avenue, and upon reaching said branch stepped upon the cement foundation of said old bridge for the purpose of crossing said branch, and that by reason of the broken, uneven and slippery condition of said cement foundation, the said foundation caved in and gave way under petitioner's feet, and your petitioner was thrown violently upon the ground, thereby sustaining a badly sprained, bruised and lacerated left arm, as well as having her entire body bruised and hurt. (9) Petitioner shows that at the time she sustained said injuries she was in the exercise of all ordinary care and diligence, and that by the exercise of such care and diligence said injuries could not have been avoided. (10) Your petitioner shows that the City of Macon has been negligent as follows: (a) In not maintaining a bridge over and across said branch, in permitting after the removal of said bridge, the cement foundation to become broken, uneven and slippery. (b) In not keeping said street in a reasonably safe condition for travel. (c) In failing to remove said broken, uneven and slippery cement foundation.

The petition was further amended by adding the following paragraphs, numbered here as in the amendment: 2. Petitioner shows further that said branch or gully, at the time she sustained the injuries herein set fort, contained muddy and dirty water, and by reason thereof she could not, in the exercise of ordinary care and diligence, see the broken, uneven and slippery condition of said branch, and she could not, in the exercise of ordinary care and diligence, have known that said foundation would cave in and give way under her feet; that plaintiff stepped carefully and slowly upon the said cement foundation, placing her feet firmly upon said foundation before stepping. 3. The location at which your petitioner was injured, as herein set forth, was and is within the corporate limits of said City of Macon. 5. Petitioner shows that the said City of Macon knew about the broken, uneven, dangerous, defective, and slippery condition of said street at said location, or that said

defects had existed for a sufficient length of time to charge the City of Macon with notice under the law.

The sole question here for solution is whether or not plaintiff failed to use ordinary care to avoid being injured by defendant's negligence. Plaintiff knew that the ditch was there, that the cement foundation of the old bridge was in the ditch and that she could not see the condition of the foundation because of the muddy water in the ditch, and yet, without any emergency, she stepped on the foundation, fell, and was injured. In principle this case is controlled by section 4425 of the Civil Code (1910). *Sheats* v. *City of Rome,* 92 *Ga.* 535 (17 S. E. 922) ; *Cook* v. *City of Atlanta,* 94 *Ga.* 613 (19 S. E. 987) ; *McCart* v. *Jasper County,* 18 *Ga. App.* 769 (90 S. E. 725). See also *Kent* v. *So. Bell Tel. &c. Co.,* 120 *Ga.* 980 (48 S. E. 399), where the rule enunciated in the foregoing authorities is elucidated and sustained, though held inapplicable to its facts. In the words of the code section cited, "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." It appears as a matter of law from the allegations of the petition that plaintiff in this case failed to use the requisite care, and the court did not err in dismissing the petition on motion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*