### 17718.   CITY OF MACON *v.* JONES.

Where, in a suit against a municipality for damage to the plaintiff's automobile, alleged to have been caused by the city's negligence in maintaining in the center of one of its streets, without barrier, lights, or other warning, "an iron manhole" which extended about twelve inches above the level of the street and which occasioned the damage as the automobile was driven over it, the petition averred that the driver of the automobile was in the exercise of ordinary care and diligence and had no previous knowledge of the manhole, and that the occurrence was in the nighttime, and where there was no further allegation to show negligence or want of care on the part of the driver, it should not be held as a matter of law that the driver was so negligent or so wanting in care as to bar the plaintiff's right to recover.

DECIDED MAY 12, 1927.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. September 25, 1926.

---

Municipal Corporations, 28 Cyc. p. 1471, n. 81.

*Harry S. Strozier,* for plaintiff in error.

*Jesse Harris,* contra.

BELL, J.   A. R. Jones sued the City of Macon for damage to his automobile, alleged to have been caused by the negligence of the city in failing to keep its streets in reasonably safe condition. The city demurred generally on the ground that the petition showed that the driver of the automobile was not in the exercise of ordinary care at the time and by the exercise of such care could have avoided the damage.   The municipal court, in which the suit was brought, sustained the demurrer, a certiorari was sustained by the superior court, and the city excepted.   The sole question for determination by this court is whether, as a matter of law, Jones, through the driver of the automobile, was guilty of such negligence as would preclude a recovery.

The petition alleged, among other things, that on the night of February 3, 1926, the plaintiff's son, who was about twenty-one years of age, was driving the automobile along Fifth Avenue, a public street of the city, when "the said son of plaintiff, in the exercise of ordinary care and diligence, struck an iron manhole situated in the center of said street, causing damage to your petitioner's machine in the following manner:  destroying transmission housing, pocket shaft, universal joint, and counter sliding, rendering the said automobile useless till the same was repaired," to the plaintiff's damage in a sum stated.   Plaintiff's "said son was driving the said vehicle along said Fifth Avenue in the night-time and struck said manhole, which extended about twelve inches above the level of the street, said manhole being unlighted, without barrier to warn or protect pedestrians or vehicles along said street, and which said manhole extended as high as twelve inches above the level of the street, the existence of which said manhole was unknown to the son of the petitioner, and the damage occurring to petitioner's automobile was caused on account of the negligence of the city of Macon."   The petition further alleged that the plaintiff's son was "free from fault, he having no knowledge of the faulty condition of said street;" and in one place in the petition the manhole is referred to as extending "over twelve inches above the level of the street."

In sustaining the certiorari the trial judge said:  "It may or may not be gross negligence as a matter of fact to drive an auto-

mobile over an obstruction extending twelve inches above the street curb. It can not be said as a matter of law that such an act would be grossly negligent or that it would necessarily be ordinary negligence. No one who was in the exercise of ordinary diligence would attempt to drive over an obstruction that was manifestly too high for the machine to clear. And yet there are obstructions some several inches high over which automobiles do drive in perfect safety. To say that it is not negligent to drive over a six-inch obstruction, but that it is negligence as a matter of law if the obstruction is 11-½ or 11-⅝ or 11-$\frac{1}{8}$ inches high is reducing to scientific exactness a question of fact which the law intended should be decided by twelve men after they have been made familiar with all the circumstances.

"When the evidence is examined it may appear that the attempt to drive over this particular obstruction at that particular time by the driver then in charge of the machine was rash and grossly negligent, and that the exercise of ordinary diligence would have avoided the injury. On the other hand, it might be shown that if the obstruction had been three eighths of an inch lower this particular machine would have cleared it, and that the driver misjudged the height of the obstruction by less than half an inch. Of course a mistake of judgment as to the height of the obstruction could not as a matter of law charge plaintiff with negligence, if under the circumstances a prudent man could reasonably think the machine would clear the obstruction."

Unless the plaintiff's action could be classed as rash or reckless, it is a question for the jury whether under the circumstances he was guilty of negligence amounting to a want of ordinary care. So long as the want of such care on the part of the driver in attempting to pass over the projecting manhole, under all the facts and circumstances then existing, is a question about which reasonable minds might differ, it is a question for the jury, and should not be set up as a bar in law against a recovery. *Mitchell County* v. *Dixon*, 20 *Ga. App.* 21 (5), 32 (92 S. E. 405). In *Samples* v. *Atlanta*, 95 *Ga.* 110, 113 (22 S. E. 135), the Supreme Court said: "There is greater or less danger attending the use of many public bridges and highways. Sometimes the danger is very slight indeed—so slight as to be of but little consequence.

Again, the danger is somewhat greater, and more carefully to be guarded against by one who takes the proper care for his own safety; and still again, the danger may be so very great and apparent that the only proper way to shun it would be to avoid altogether coming within its reach. Between the extremes there is every conceivable degree and kind of danger. Where the danger is exceedingly small and trivial, it may not be at all negligent to disregard it; where it is exceedingly great and obvious, it would be negligence per se to incur the hazard of being injured by it. In other cases it would be open to question whether incurring such possible or probable hazard would be consistent with ordinary care; and in cases of this kind the question of contributory negligence is one for determination by the jury."

A case having some analogy to the present case and decided by the Supreme Court of the United States in the light of the principles here invoked was that of Mosheuvel *v.* District of Columbia, 191 U. S. 247 (24 Sup. Ct. 57, 48 L. ed. 170), in which the court said: "One who, with knowledge of the situation, elects, in descending her steps from her residence to the sidewalk, to cross over a projecting uncovered water box about four inches square, with its outer edge about four inches from a line drawn from the tread of the step nearest the sidewalk to the ground, instead of avoiding the box by stepping to one side, is not, as a matter of law, guilty of such contributory negligence as will defeat her action against the municipality to recover damages for the personal injuries sustained by reason of her failure to clear the box." This expresses the same principle which the judge of the superior court had in mind in sustaining the certiorari in the case before us. Assuming that the driver actually saw the manhole in time to have avoided it, the case should nevertheless go to the jury, under all the attendant circumstances, for their determination of whether the plaintiff's son was totally lacking in that degree of care which an ordinarily prudent person would have observed under like circumstances, in supposing that the car would clear the manhole. In *Central City Ice Works* v. *Macon,* 92 *Ga.* 413 (17 S. E. 660), the driver of an ice wagon in the city of Macon saw freshly piled dirt on the street, but judged that it was packed firmly enough to allow him to pass over it. Instead, it was soft and gave way under the weight of the team. The court, on exceptions to a non-

suit, held that "whether or not there was contributory negligence by the plaintiff's servant in attempting, under all the circumstances, to drive over that part of the street" was an issue "for submission to the jury."

The petition in the instant case alleges that the driver of the automobile was in the exercise of ordinary care. On general demurrer this statement should be taken as true, in the absence of other allegations disputing it. According to the averments, the driver had no previous knowledge of the manhole, and the occurrence was in the nighttime. While, with nothing appearing to the contrary, we should assume that the automobile was duly equipped with "front lamps" and that they were "throwing strong white lights to a reasonable distance in the direction in which such vehicle" was approaching, in accordance with the legal requirements (Park's Code Supp. 1922, § 828, uu-2), such artificial lights would not necessarily render the driver's vision as to the particular object so clear and adequate as it might have been in the daytime. The lights and shadows might have been deceptive, and the nature and height of the object might not, to one in the exercise of due care, have been discernable in time to avoid the damage. It does not appear how high above the ground the car was geared, and, as suggested by the learned trial judge, clearance might have been lacking only by the fraction of an inch. It is true that the petition in one place refers to the manhole as extending "over twelve" inches above the street level; but since the height is expressed in inches as the unit of measurement, we construe the petition to mean that while the height of the obstruction was over twelve inches, it was not as much as thirteen inches. It is to be remembered that in cases of this sort it is not necessary for the plaintiff to negative his own negligence or want of ordinary care. This is a matter for defense, and the petition in this respect will be good unless, by the pleaded facts, it affirmatively appears that the plaintiff should not recover. And furthermore, as was said in the *Samples* case, supra, "it must not be forgotten that under the rule of force in this State allowing partial recovery in cases of contributory negligence on the part of the plaintiff, it is still more proper to enforce the doctrine we are endeavoring to establish."

In our opinion, this court should not hold that the plaintiff is barred as a matter of law because of negligence or want of care

on the part of the driver of the automobile on the occasion in question. See further, in this connection, *Dempsey* v. *Rome*, 94 *Ga.* 420 (20 S. E. 335); *Harrell* v. *Macon*, 1 *Ga. App.* 413 (58 S. E. 124); *Mayor &c. of Americus* v. *Johnson*, 2 *Ga. App.* 378 (2) (58 S. E. 518); *MacDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333 (129 S. E. 917); *Wynne* v. *So. Bell Telephone Co.*, 159 *Ga.* 623 (126 S. E. 388); *Central of Ga. Ry. Co.* v. *Heard*, 36 *Ga. App.* 332 (136 S. E. 533); 28 Cyc. 1418, 1502, 1510.

This case is distinguishable from the case of *Newberry* v. *Macon*, 35 *Ga. App.* 252 (132 S. E. 917). There the plaintiff in the daytime drove his wagon into a hole in the street, sixteen inches deep, three feet wide, and ten feet long. The court held that the petition set forth no cause of action, "as it is apparent that he saw or should have seen such an obvious danger." It was an obvious danger because the fundamental law of gravity would indicate the danger in driving a wagon into such a hole. There is no question but that the body of the wagon would be precipitated sharply when driven into the hole. Here there may have been grounds for a reasonable supposition of clearing the manhole without any damage. This, under the particular facts and circumstances, is a jury question, as is also the question of whether the driver should have discovered the danger in time to have avoided it. From what has been said, we think the present case is distinguishable also from such cases as *So. Ry. Co.* v. *Hogan*, 131 *Ga.* 157 (62 S. E. 64); *Kent* v. *So. Bell Telephone Co.*, 120 Ga. 980 (48 S. E. 399); *Browning* v. *Cave Spring*, 7 *Ga. App.* 724 (67 S. E. 1045); *So. Ry. Co.* v. *Rowe*, 2 *Ga. App.* 557 (3) (59 S. E. 462); *McCart* v. *Jasper County*, 18 *Ga. App.* 769 (90 S. E. 725); *Leslie* v. *Macon*, 35 *Ga. App.* 484 (133 S. E. 638); *City of Columbus* v. *Griggs*, 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. 257); *City of Rome* v. *Baker*, 107 *Ga.* 347 (33 S. E. 406); *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (51 S. E. 438); *Bridger* v. *Gresham*, 111 *Ga.* 814 (35 S. E. 677); *Barfield* v. *So. Ry. Co.*, 118 *Ga.* 256 (45 S. E. 282). In our opinion, the superior court correctly sustained the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*