36269.  KESOT *v.* CITY OF DALTON.

DECIDED JULY 12, 1956.

*C. H. Dalton,* for plaintiff in error.

*Hardin & McCamy, Carlton McCamy,* contra.

TOWNSEND, J. ■ The plaintiff offered in evidence a 1925 ordinance of the City of Dalton creating liens on lots abutting West Crawford Street for assessments "in connection with the paving of Crawford Street from Thornton Avenue west to its intersection with Ridge Street" together with a report on assessments, and a deed to the City of Dalton showing its ownership of the abutting land on which the football stadium is located. Admitting that the introduction of such evidence would have shown ownership of the land in question by the city, and would also have shown, under the authority of *Hancock* v. *Rush,* 181 *Ga.* 587 (183 S. E. 554), that the assessments were made by the city for street purposes, which assessments would also have been sufficient to empower the city to use a part of the funds for laying a sidewalk, the fact remains that there is no evidence that the city ever did attempt to lay a sidewalk on the land in question or to maintain it for the use of pedestrians. Ownership of the land alone is not controlling in this case, for it is not brought on the theory that the city owed any duty by reason of ownership alone or that the presence of the plaintiff on its property was in the capacity of an invitee, but it is brought on the theory that a sidewalk had been prepared by defendant for the use of the public, after which the city failed to maintain the same in reasonably safe condition. Accordingly, the admission of this evidence would not have helped the plaintiff's case and its exclusion was not error.

■ "In order to bind a municipal corporation for the care of a strip of land offered by an abutting owner as a sidewalk, acceptance by the proper city authorities must be shown. The acceptance may be express or implied. If express, it can be shown only by the minutes of the official tribunal; if implied it can be shown only by proof that the sidewalk was worked and used under authority of the council, or other body having such matters in charge. . ." "If implied acceptance be relied upon, it may be shown by proof that the street or walk was used or worked as a highway under the authority of the council; *mere use*

*by members of the public is not sufficient."* (Emphasis added). *Mayor &c. of Americus* v. *Johnson,* 2 *Ga. App.* 378 (4), 381 (58 S. E. 518). See also *Atlantic Coast Line R. Co.* v. *Sweatman,* 81 *Ga. App.* 269 (58 S. E. 2d 553); *Maddox* v. *Willis,* 205 *Ga.* 596 (4) (54 S. E. 2d 632); *Hames* v. *City of Marietta,* 212 *Ga.* 331 (4) (92 S. E. 2d 534). And in *Collins* v. *Mayor &c. of Macon,* 69 *Ga.* 542 (4), it was held as follows: "Intention to dedicate property to public use is essential to a dedication, but this may be proved by acts showing an assent that property should be so used and enjoyed. [However] the mere use of the corporate property of a city by it for a particular purpose, is not a dedication of such property for that purpose forever."

It does not appear over what period of time persons traveled by foot over the strip of land on the north side of Crawford Street and it may be assumed that they have done so since a street was first laid out in that vicinity. This alone is not sufficient to show acceptance by the city of the area for sidewalk purposes so as to charge it with liability for negligence in failing to maintain a sidewalk in a reasonably safe condition in the absence of any evidence whatever that the city ever intended or accepted the strip of land for this purpose. Under the rules of law relating to the dedication of land for public purposes, no acceptance is shown, and without acceptance there can be no liability. Considering the city merely as the owner of the land, it is apparent that it had for at least 8 or 9 years acquiesced in members of the public walking over it, but had at the same time converted at least a portion of the same strip to an inconsistent use—by constructing the deep ditches it had removed at least certain portions of the area from practical use for pedestrian purposes, so that those persons who continued to use it detoured out into the street at the point where the ditches crossed the pathway. The construction and use of open drainage ditches over a long period of time being inconsistent with use for sidewalk purposes, and there being no evidence that the city had ever maintained the area for sidewalk purposes, even though it would have been within its power to do so, the plaintiff failed to prove the essential allegations of her petition. "When a court passes upon a motion for a nonsuit, it decides only one question, that is, do the allegations and the proof correspond?" *Clark* v. *Bandy,* 196 *Ga.* 546, 559

(27 S. E. 2d 17). The trial court correctly granted the motion on the theory that the plaintiff offered no evidence to show the city ever set the area apart for a sidewalk, and this court, in affirming the judgment, will confine itself to the questions passed upon by the trial court. It accordingly becomes unnecessary to decide whether or not the evidence also showed the plaintiff to be so lacking in ordinary care for her own safety as to preclude recovery.

We are not here holding that a pedestrian walkway must necessarily be paved in order to give a person injured thereon a right of action, but only that, where it is alleged the walkway is a part of the sidewalk and street system of a municipal corporation there must be some evidence that it was intended and maintained by the city for such use. In *Harris* v. *City of Rome*, 59 *Ga. App.* 279 (200 S. E. 337) cited by the plaintiff in error, it was held that a petition alleging that the slant and drainage of a street had, because of rains, caused a ditch to form over the unpaved sidewalk alongside the street, stated a cause of action as to a plaintiff injured by stumbling therein and falling into a chasm on the far side of the walkway. There was no question, on demurrer, as to whether or not the sidewalk formed a part of the city street system.

The trial court did not err in granting the nonsuit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*