40164.   HAYGOOD v. CITY OF MARIETTA.

DECIDED JUNE 25, 1963.

*Crowe, Shipley & Martin, Arthur L. Crowe, Jr.,* for plaintiff in error.

*Frank D. Schaffer,* contra.

FELTON, Chief Judge. We think the petition set forth a cause of action against a general demurrer. *Kesot v. City of Dalton,* 94 Ga. App. 194 (94 SE2d 90), cited by the city, dealt with evidence, not pleading. The petition in this case alleges that the dirt strip on which the mailbox is located was owned and operated by the city as a part of a public thoroughfare at the time of plaintiff's alleged injuries. This is an allegation of fact. It was not necessary for the plaintiff to allege how the city acquired title or ownership. The allegations are sufficient to charge the city with the duty to keep the sidewalk and the ground between the sidewalk and the mailbox in a reasonably safe condition. In *Kesot* the evidence showed that the city did not maintain the strip of land in question as a place for public travel. The duty of a city as respects sidewalks extends to all of the sidewalks intended for travel by the public as a thoroughfare, and is not confined to keeping in a safe condition a special part only of a sidewalk which happens to be most generally used. *City of Atlanta v. Milam,* 95 Ga. 135 (22 SE 43) ; *City Council of Augusta v. Tharpe,* 113 Ga. 152, 155 (38 SE 389) ; *City of Atlanta v. Hampton,* 139 Ga. 389 (4) (77 SE 393). It would seem that this court considers a grass plot between the sidewalk and street curb a part of the sidewalk at least where using the

grass plot as a thoroughfare is not forbidden or restricted. *City of Atlanta v. Hawkins*, 45 Ga. App. 847 (5) (166 SE 262). At any rate the instant petition sufficiently alleges a duty upon the city to keep in a reasonably safe condition the strip of land between the sidewalk and mailbox. There is no duty on the plaintiff to negative her contributory negligence, and the facts alleged do not demand the conclusion that the plaintiff was barred by her own negligence in the first instance or that she could have avoided the city's negligence by the exercise of ordinary care. In considering a plaintiff's diligence it is not necessary for the court to confine itself to distractions caused by the defendant. In fact there does not have to be what is commonly known as a "distraction." The answer lies in the facts of each case. In this one the plaintiff alleges frequent trips to the mailbox and that she did not look to the ground in front of the mailbox. It is a question for the jury to decide whether the plaintiff's conduct in looking directly at the mailbox and the place where letters are inserted constituted the exercise of ordinary care. *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375 (124 SE2d 688). See also *McFarland v. City of McCaysville*, 39 Ga. App. 739 (148 SE 421); *Colonial Stores v. Owens*, 107 Ga. App. 436 (130 SE2d 616).

The court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*