## 41045. SHEPHERD v. WHIGHAM.

DECIDED MARCH 9, 1965.

John E. Sacker, Jr., for plaintiff in error.

T. J. Long, Ben Weinberg, Jr., contra.

Bell, Presiding Judge. ■ The plaintiff, who came at a friend's invitation to assist in the installing of an attic fan in his friend's house and who while engaged in the work was injured, was an invitee. He was not to be rewarded by pay for his work. He was not there for his own pleasure and convenience. He was there for the sole benefit of his friend, the defendant. See *Wright v. Lail*, 105 Ga. App. 261, 263 (124 SE2d 487). The defendant owed the plaintiff the duty of exercising ordinary care to avoid injuring him.

■ In order to plead a cause of action based upon negligence, it is essential that the petition allege facts which embrace each of the following elements: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. *Lee Street Auto Sales, Inc. v. Warren*, 102 Ga. App. 345, 347 (116 SE2d 243). A petition showing these essentials is sufficient to withstand a general demurrer.

It is also necessary that the allegations be supported by evidence tending to prove each of these essential elements in order to authorize and support a verdict for the plaintiff. Lacking proof as to any one of these elements, there is no issue for the jury to decide. It requires all to make the whole.

Notwithstanding the fact that a petition in a negligence action is sufficient to withstand attack by general demurrer, if on motion for summary judgment any one of the essential elements necessary to support a verdict for the plaintiff is negated by the

evidence, a motion for summary judgment is properly granted. *Scales v. Peevy,* 103 Ga. App. 42, 46 (2) (118 SE2d 193); *General Gas Corp. v. Carn,* 103 Ga. App. 542, 545 (1) (120 SE2d 156).

In the case before us the testimony of the plaintiff and the defendant each shows conclusively that there was nothing apparently wrong with the ladder either through the sense of sight or the sense of feel. Thus, not only does the evidence fail to show that an inspection would have disclosed the defect, but shows that an inspection would not have done so. Consequently, the only inference the evidence affords is that plaintiff's damages were not occasioned by breach of duty owed him by defendant as there was no breach. In this connection see *Hillinghorst v. Heart of Atlanta Motel,* 104 Ga. App. 731 (122 SE2d 751).

By the evidence it is shown that there was no danger to be reasonably anticipated by the defendant or, for that matter, to be anticipated by the plaintiff. No man can be expected to guard against harm from events which are not reasonably to be anticipated at all. There is in this case no evidence from which reasonable men might conclude that, upon the whole, it is more likely that the event was caused by negligence than that it was not.

The evidence here revealing the total lack of the essential elements numbered (2), (3) and (4) above, it follows that there is no genuine issue as to any material fact present in the case.

The trial judge properly granted the defendant's motion for summary judgment and entered judgment for the defendant.

*Judgment affirmed. Frankum and Hall, JJ., concur.*