## 41068.   YEAGER v. JACOBS.

FRANKUM, Judge.   ■   In this State questions as to diligence and negligence, including contributory negligence, and as to whose negligence or what negligence constitutes the proximate cause of an injury are peculiarly questions for a jury to determine, and the courts should decline to solve such questions on demurrer or otherwise, except in those plain, palpable and indisputable cases where reasonable minds cannot differ as to the conclusion to be reached.   *Martin v. McAfee & Co.*, 31 Ga. App. 690, 695 (2) (122 SE 71); *Jordan v. Lee*, 51 Ga. App. 99 (2) (179 SE 739); *Lewis v. Williams*, 78 Ga. App.

494, 501 (3) (51 SE2d 532); *Georgia Power Co. v. Blum,* 80 Ga. App. 618, 628 (2) (57 SE2d 18); *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726).

■ The foregoing rule was originally formulated in this State with respect to the sufficiency of pleadings to withstand the attack of a general demurrer. Nothing contained in the summary judgment law (Ga. L. 1959, p. 234, et seq.; *Code Ann. Ch.* 110-12) in any way altered this rule however, and that law does not purport to confer upon judges any greater authority to decide issues of fact normally reserved for decision by a jury than they possessed before its enactment. "Even though the facts in the case are uncontradicted and uncontroverted, where they are such that there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference is peculiarly within the exclusive province of the jury. 45 CJ 1292, citing *Fenelon v. Southern R. Co.,* [143 Ga. 26]; *Chenall v. Palmer Brick Co.,* 117 Ga. 106; *Southern Cotton Oil Co. v. Gladman,* 1 Ga. App. 259." *Jordan v. Lee,* 51 Ga. App. 99 (2), supra.

■ Accordingly, on the hearing of a motion filed by the defendant seeking a summary judgment in a case based upon negligence where certain acts of the defendant, alleged in the petition to have been negligent and to have constituted the proximate cause of the plaintiff's injuries, are shown without dispute to have been perpetrated by the defendant, it is for a jury to decide whether those acts constituted negligence and whether or not they were the proximate cause of the plaintiff's injuries, and the mere fact that it is also shown without dispute that the plaintiff, under the circumstances, was guilty of certain acts which could be characterized as negligent would not authorize the granting of a summary judgment for the defendant, if reasonable minds could differ as to whether the acts of the plaintiff amounted to negligence, and if so, whether such acts constituted the sole proximate cause of the plaintiff's injuries or were excusable because the plaintiff was momentarily distracted by a natural and usual cause which the defendant, in the exercise of ordinary care, ought to have anticipated would distract the plaintiff. *Redding v. Sinclair Ref. Co.,* 105 Ga. App. 375, 378 (2) (124 SE2d 688); *Haygood v. City of Marietta,* 108 Ga. App. 99 (131 SE2d 856).

■ The simple facts shown by the pleadings and the depositions

adduced upon the hearing of the motion for a summary judgment filed by the defendant in this case were that the defendant maintained a mercantile establishment to which it extended an invitation to the public generally to come; that the entranceway to the defendant's establishment led from the public sidewalk to the doorway which was recessed some eight or ten feet back from the sidewalk; that at the time the plaintiff sustained his injuries, defendant, acting through an employee or servant, had placed on the floor in the entranceway, lengthwise and adjacent to one wall or display window, a fluorescent lighting fixture, described as being 4 to 6 feet in length, 10 to 12 inches in width, and 6 to 8 inches in depth; that plaintiff, together with a companion, approached defendant's establishment, and in looking up at defendant's sign extending over the sidewalk in order to ascertain whether he was at the place he was seeking was momentarily blinded by the sun; that having ascertained that he was at the establishment he sought, plaintiff and his companion turned into the recessed and shadowed entranceway; that plaintiff's companion immediately stumbled over the aforesaid flourescent lighting fixture and shouted a warning to the plaintiff, but the warning was too late; that plaintiff, being still momentarily blinded by the sun and following closely upon the heels of his companion, stepped into the darkened entranceway, stumbled over, and fell into, the said fluorescent fixture, sustaining the injuries for which damages are sought in this action. Whether the defendant was negligent in leaving the fluorescent fixture in the entranceway; whether the plaintiff was negligent in failing to observe its presence on the floor; and if both plaintiff and defendant were negligent, whose negligence preponderated or was the proximate cause of the plaintiff's injuries; or whether the plaintiff by the exercise of ordinary care could have avoided the negligence, if any, of the defendant; and whether the defendant, in allowing the fluorescent fixture to be placed and left on the floor in the entranceway to his store, should have anticipated that people desiring to come to his store to trade might be blinded by the change in lighting experienced when stepping from the brightly sunlit street into the darkened or shadowed entranceway, were, under the authorities above cited, questions solely for the jury, and the trial court erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED MARCH 16, 1965.

*Aaron Baranan, Barrett & Hayes, Ellis B. Barrett,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.