## 42669.   MULLIGAN v. BLACKWOOD.

ARGUED MARCH 6, 1967—DECIDED APRIL 5, 1967—
REHEARING DENIED APRIL 21, 1967—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Jack McLaughlin,* for appellant.

*Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff,* for appellee.

FELTON, Chief Judge. ■ "One who is on the premises of another at the latter's request and for the sole benefit of the latter, is an invitee to whom the latter owes the duty of exercising ordinary care to avoid injuring." *Shepherd v. Whigham,* 111

Ga. App. 274 (1) (141 SE2d 583); 65 CJS 866, Negligence § 63(112). The petition affirmatively alleges that the defendant requested the plaintiff to help him. As was the situation in *Shepherd v. Whigham,* supra, p. 276 (1), the plaintiff was not to be rewarded by pay for his work and was not there for his own pleasure and convenience, but for the sole benefit of his neighbor, the defendant. The evidence that the defendant had first tried to solicit the help of the plaintiff's son, that the plaintiff had told the defendant that his son was not at home, and that the plaintiff had then asked if there was anything he could do, does not make the plaintiff's status a volunteer. His offer was merely in response to the defendant's obvious search for help. Thereafter, the defendant directed a specific request to the plaintiff himself, to the effect that he would like his help if he felt like it, with which request the plaintiff then complied. Accordingly, the plaintiff was an invitee of the defendant.

■ The questions of whether the defendant failed to exercise ordinary care to avoid injuring the plaintiff-invitee, and the plaintiff's contributory negligence, if any, are peculiarly questions for a jury to determine, this not being one of those plain, palpable and indisputable cases where reasonable minds cannot differ as to the conclusion to be reached. See *Yeager v. Jacobs,* 111 Ga. App. 358 (1) (141 SE2d 837) and cit. The court did not err in its judgment overruling the general demurrer to the petition.

■ The foregoing rule is likewise applicable in connection with the summary judgment law. *Yeager v. Jacobs,* 111 Ga. App. 358, 359 (2), supra. Even if the evidence supporting the motion for summary judgment fails to show that the defendant twisted the sofa "suddenly and violently," as the petition alleges, it is nevertheless sufficient to raise issues of fact for the jury, based upon the remaining particulars of the defendant's negligence, such as his failure to warn the plaintiff of his intention to twist the sofa. The court did not err in its judgment overruling the defendant's motion for a summary judgment.

*Judgments affirmed. Hall and Eberhardt, JJ., concur.*