59164. McNEELY v. M. & M. SUPERMARKETS, INC.

CARLEY, Judge.

Suit was instituted seeking recovery for general and special damages for personal injuries sustained by appellant-plaintiff's decedent when she fell in appellee-defendant's store. The jury returned a verdict for appellee. Appellant appeals, enumerating as error the trial judge's conduct during jury deliberation and the trial judge's charge relative to the standard of diligence required of appellee.

1. Appellant contends that error occurred when on two separate occasions during the course of deliberation the trial judge, unaccompanied, entered the jury room after being informed that the jury had questions. However, the certified supplemental record

transmitted to this court shows that in each instance counsel for both parties consented to the judge's visit to the jury room and agreed with the answer which the judge proposed to give to the jury's question. Also, after each meeting with the jury, the judge returned to chambers and informed the attorneys of all that transpired in the jury room. Neither counsel made any formal or informal objections and the issue is raised for the first time on appeal. In view of the explicit consent and acquiescence of counsel, there was no error.

2. In Enumeration 2, appellant objects to the following portion of the trial court's charge to the jury: "What the law requires is not warranty of safety of everybody from everything, but such diligence for making the store safe as a good businessman in such matters is accustom (sic) to use." Appellant contends that the only charge that should have been given is as provided in Code Ann. § 105-201, to wit: ". . . ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances."·

The whole theory of negligence presupposes some uniform standard of behavior. As stated by Professor Prosser, The Law of Torts 149-150 (4th Ed. 1971), "the standard of conduct which the community demands must be an external and objective one, rather than the individual judgment, good or bad, of the particular actor, and it must be, so far as possible, the same for all persons, since the law can have no favorites."

In *Mayor &c. of Americus v. Johnson,* 2 Ga. App. 378, 381 (58 SE 518) (1907), the trial judge instructed the jury as follows: " 'Ordinary care is that care which you and the generality of men would exercise in taking care of your own property and affairs.' " This court held that such a charge, in effect, makes the individual jurors the standard of prudence and was, thus, erroneous since the individual jurors might be extremely cautious, or, on the other hand, might be somewhat careless. Applying this rationale to the instant case, it appears that in the charge as given the jury was instructed to substitute the behavior of the "good businessman" for that of the hypothetical man of ordinary prudence. The standard of care that the jurors believe a good businessman should exercise may not be the same standard that an ordinarily prudent person would exercise under the same or similar circumstances. See *Jackson v. Miles,* 126 Ga. App. 320 (190 SE2d 565) (1972); Dill v. Dallas County Farmers' Exchange No. 177, 267 SW2d 677 (Mo. 1954); and P-M Gas & Wash Co. v. Smith, 383 NE2d 357 (Ct. App. Ind. 1978).

To the extent that the charge in the instant case made the good businessman the standard of prudence, it is in error. The charge as given is capable of creating the impression that a double standard

exists. In fact, there is but one standard — that of the ordinarily prudent person under the same or similar circumstances.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED MAY 5, 1980 —
REHEARING DENIED MAY 20, 1980.

*Kran Riddle, John R. Calhoun,* for appellant.
*Charles W. Barrow,* for appellee.