A92A2172. WIMPEY et al. v. OTTS et al.
(427 SE2d 34)

BEASLEY, Judge.

Appellants-plaintiffs, Larry Wimpey and his wife, brought this suit against appellees-defendants, Ron and Yvonne Otts, seeking vari-

ous damages for injuries sustained by Wimpey while doing work on the Ottses' property. The Wimpeys appeal the trial court's grant of the Ottses' motion for directed verdict.

Terry Price, who is a home builder and remodeler, agreed to install siding and do trim and cornice painting on the Ottses' residence. Yvonne Otts is Price's sister. She chose the color of the vinyl and paint and purchased some of the materials, while Price purchased others. The parties agreed that Price would do the job without any charge for labor but that the Ottses would reimburse him for the cost of the materials he purchased. Yvonne told him that there were some materials in her backyard and that he was welcome to use any of them. Although she was in the real estate brokerage business, she knew nothing about the installation of siding or paint work.

Wimpey, who is Price's brother-in-law and is employed by him, volunteered to help him. Although Wimpey knew that Price was going to do this job free of charge, he testified that it was common for the two of them to help each other with things like that.

In order to do some of the work, it was necessary for Price and Wimpey to stand on scaffolding. There was some lumber in the Ottses' backyard that Price used for the scaffold boards, because they were the right size and using them would lessen the cost of materials. Price selected the boards, and Wimpey helped him put them on the scaffolding jacks. Price tested the boards by jumping up and down on them a little bit, and the boards seemed sturdy and without defect. After working for a few days on the scaffolding boards, one of them suddenly gave way. Wimpey fell to the ground and into a hole, causing him to break his leg in several places and become disabled.

Wimpey and his wife alleged in their complaint that the Ottses knew the old and dangerous condition of the wooden boards and failed to warn Wimpey and Price of the impending danger. However, they did not present any evidence at trial as to the condition of the wood, or how its condition or any defect in it caused it to give way; nor did they present any evidence of any actual or constructive knowledge by the Ottses of these matters. Finding that no evidence had been presented by the Wimpeys authorizing a recovery against the Ottses, the trial court granted the Ottses' motion for directed verdict.

The Wimpeys argue that there was evidence to support a finding that an agency relationship existed between the Ottses and Price, so that the jury could have found that Price was negligent and then imputed that negligence to the Ottses.

The evidence showed that Price was an independent contractor and not an employee of the Ottses, in that they did not have the right to, nor did they, direct the time, manner, methods, and means of his execution of the work, but rather asked him to produce a desired re-

sult. See *Sloan v. Hobbs Sporting Goods Shop*, 145 Ga. App. 255, 257 (243 SE2d 673) (1978). It is the general rule that an independent contractor's employer is under no duty to protect the contractor's employees against the consequences of the contractor's negligence or provide for their safety, although the contractor's employer owes the contractor's employees "the ubiquitous duty of not imperiling their lives by his or her own affirmative acts of negligence." *United States v. Aretz*, 248 Ga. 19, 24 (1) (280 SE2d 345) (1981).

An owner or occupier of land is liable in damages to invitees for injuries caused by his or her failure to exercise ordinary care in keeping the premises safe. OCGA § 51-3-1. The ordinary care standard has been defined as "whether a reasonably prudent person at the time and in the circumstances would have foreseen danger and what he reasonably would have done to prevent injury." *Smith v. Poteet*, 127 Ga. App. 735, 736 (1) (195 SE2d 213) (1972).

Factually, this case is closely akin to *Shepherd v. Whigham*, 111 Ga. App. 274 (141 SE2d 583) (1965). Plaintiff was standing on a ladder in defendant's home helping him install an attic fan. Although defendant used the ladder regularly and there was nothing apparently wrong with it, the bottom rung of the ladder "just gave way" while plaintiff was standing on it, causing plaintiff to fall and injure himself. The trial court's grant of summary judgment to defendant was affirmed: "By the evidence it is shown that there was no danger to be reasonably anticipated by the defendant or, for that matter, to be anticipated by the plaintiff. No man can be expected to guard against harm from events which are not reasonably to be anticipated at all." Id. at 277 (2).

The true ground of premises liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property; it is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 392 (394 SE2d 345) (1990); *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 280 (361 SE2d 261) (1987). There is no evidence in this case that the Ottses had any knowledge of a dangerous condition superior to that of Price or Wimpey, or of any danger known or reasonably to have been anticipated by the Ottses. Compare *Swint v. Smith*, 204 Ga. App. 54 (418 SE2d 375) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1993.

*Minor, Bell & Neal, Rickie L. Brown, Robert D. Jenkins*, for appellants.

*Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, George W. Carpenter, Sharel L. Van Sandt*, for appellees.