41603. RED HILL LUMBER COMPANY v. MILLER.

ARGUED NOVEMBER 1, 1965—DECIDED JANUARY 7, 1966.

*Smith & Undercofler, Wm. E. Smith, Jesse DuBose,* for appellant.

*Carlton S. Brown,* for appellee.

FELTON, Chief Judge. ■ The motion to dismiss the appeal is denied. The thirtieth day from the judgment overruling the motion for a new trial fell on Sunday and the notice of appeal was filed on the following day. *Code* § 102-102 (8) was not repealed either expressly or by implication by the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.).

■ The specifications of error show no reversible error. Technically the amendment to the petition which the court ordered filed was not allowed by the court, nor was the amendment filed voluntarily by the defendant. However both parties proceeded with the trial of the case as if the amendments had been allowed and ordered filed, and there were no objections to evidence which was unquestionably inadmissible without the plaintiff's amendment. So the failure to formally allow the plaintiff's amendment was harmless.

The testimony of the witnesses narrowed the case to one

issue and that was whether the Red Hill Lumber Company orally agreed to purchase from the plaintiff certain marked trees on a definitely described tract of land for the sum of $2,500 or whether the contract price for the timber was to be based on the number of thousand feet cut. The evidence authorized the finding that the contract was for the fixed sum of $2,500 and that all of the timber marked for cutting was cut, and possibly more. In view of the finding by the jury for the plaintiff on this question it is immaterial that the evidence did not show how many thousand feet of timber had been cut.

■ The exception to the charge (the case was tried in July 1964) is without merit. The court simply charged the jury that the action was on a parol contract and that it should decide whether the contract was for a flat amount of $2,500 or that the price was intended to be based on the number of thousand feet cut. The defendant by amendment admitted that the contract was in parol but pleaded that it provided for payment based on the number of thousand feet cut.

The court did not err in entering judgment for the plaintiff for the balance found by the jury to be due on the contract nor in overruling the motion for a new trial.

*Judgment affirmed. Jordan and Deen, JJ., concur.*