## 48787. JACKSON v. THE STATE.

Evans, Judge. Defendant was convicted of a felony, and his appeal was dismissed in the lower court. He appeals from the order of dismissal.

Defendant was convicted on three counts of theft of credit cards. On April 20, 1973, he filed an appeal from said conviction which was within the time provided by law. The appeal recites that the transcript of evidence and proceedings would be filed for inclusion in the record on appeal.

The thirtieth day after filing notice of appeal was May 20, 1973, but it fell on Sunday, and defendant on the following day, May 21, requested an extension of time in which to file the transcript. *Held:*

1. Here the motion for an extension of time for filing a transcript of the evidence was made on the 31st day, because the 30th day was on Sunday. The trial judge, in his order, recites: "There being no sufficient reason shown for failure to file for transcript within the time prescribed by law, the state's motion to dismiss defendant's appeal is hereby granted." Thus, it is shown that the trial judge, because of his opinion that defendant was obliged to show a reason why he delayed until the 31st day before applying for an extension, instead of during the 30 days, dismissed the appeal. But in this he was in error. The statute, Code § 102-102 (8), which has not been repealed, automatically extended the time for an additional day. *Red Hill Lumber Co. v. Miller,* 112 Ga. App. 882 (1) (146 SE2d 918).

2. Code Ann. § 6-806 makes it "the duty of the trial judge" to allow additional time for filing a transcript where motion is timely made. It is quite true that the law requires an application for extension of time for filing a transcript to be made before the expiration of the period of time allowed by law for filing said transcript. Code Ann. § 6-804; *Elliott v. Leathers,* 223 Ga. 497 (156 SE2d 440). But here the application was made before the expiration of that time because the law allowed an additional day when the 30th day fell on Sunday. Code § 102-102 (8).

3. When a judge mistakenly places his judgment upon an erroneous belief that he is without authority or discretion to act otherwise, such judgment must be reversed. *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539); *Stuart v. State,* 123 Ga. App. 311 (1) (180 SE2d 581).

4. This is a felony case resulting in a conviction; and the law mandatorily requires that testimony be reported and entered on the minutes of the court eventually. See Code Ann. §§ 6-805 (a), 27-2401. The evidence discloses that the reporter could not have possibly prepared the transcript and proceedings within the 30 days, even if it had been ordered at the first opportunity. This is not a case of unreasonable and inexcusable delay in the filing of the transcript, and the lower court erred in dismissing the appeal. See Code Ann. § 6-809 (Ga. L. 1968, pp. 1072, 1074).

5. For the foregoing reasons, the lower court erred in dismissing the appeal and in refusing to grant an extension of time for the defendant to obtain the transcript of the record and proceedings.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 7, 1973 — DECIDED JANUARY 11, 1974.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley,* for appellee.


