## 52150. SPEIR v. STEPHENSON.

DEEN, Presiding Judge.

The plaintiff Speir was helping the defendant landowner pour cement into the blocks of a concrete wall on the latter's premises when the defendant slipped and stumbled against the plaintiff, who fell off the wall and sustained certain personal injuries. At the conclusion of the trial the court directed a verdict in favor of the defendant, and plaintiff appeals. *Held:*

1. "One who is on the premises of another at the latter's request and for the sole benefit of the latter, is an invitee to whom the latter owes the duty of exercising ordinary care to avoid injuring." *Shepherd v. Whigham,* 111 Ga. App. 274 (1) (141 SE2d 583). Monetary consideration is not essential to the relationship of owner and invitee, since common interest or mutual advantage is sufficient. *Herring v. R. L. Mathis Dairy Co.,* 118 Ga. App. 132, 140 and cit. (162 SE2d 863), rev'd. in part, 225 Ga. 67 (166 SE2d 89). Thus, where a mother came to her daughter's home to help the latter to dress and perform the role of party hostess, she was not a mere social guest

but an invitee to whom the daughter owed a duty of ordinary care not to injure her. *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251).

2. The request may be either express or implied. The evidence here shows that the plaintiff, an experienced masonry man who happened to be in the neighborhood, went by the plaintiff's house because he knew the latter was "pouring" on the morning in question. His testimony indicated his belief that the plaintiff expressly asked his assistance. The defendant, while denying this, testified to facts from which it is evident that he knew the plaintiff was helping, utilized his help, and by his actions at the very least accepted the plaintiff's implied offer of assistance. The benefit of the plaintiff's efforts was entirely for the defendant; the latter, accordingly, owed him an ordinary care duty.

3. It appears without dispute that the plaintiff and Martin, who brought the cement truck, were guiding the wood trough through which cement flowed from the mixer into the blocks while the plaintiff, standing on the blocks, tamped the molten concrete into the holes by means of iron reinforcing rods spaced into the wall. He was experienced in this sort of work, did not consider it dangerous, and would not have been injured had the defendant, who was on the ground, not slipped and fallen against him knocking him off the wall. This much resembles the facts in *Mulligan v. Blackwood,* 115 Ga. App. 618 (155 SE2d 680), where the owner accepted a neighbor's help in carrying a sofa into a house; defendant suddenly (inadvertently) twisted the sofa, which fell and injured the plaintiff; under these circumstances, the question of negligence was held for the jury and not determinable by summary judgment.

4. In like manner, whether the defendant's act here in stumbling or falling against the plaintiff was negligent, and whether, if so, it was the proximate cause of the injury, are jury questions. Where negligence and its related issues cannot be decided as a matter of law from the record, the direction of a verdict is error. *Seaboard C. L. R. Co. v. Freight Del. Ser.,* 133 Ga. App. 92, 95 (210 SE2d 42). *Dekle v. Todd,* 132 Ga. App. 156 (207 SE2d 654) and *Batson-Cook Co. v. Shipley,* 134 Ga. App. 210 (214

SE2d 176), both having to do with assumption of risk or contributory negligence in a master-servant relationship, are not authority to the contrary. We cannot say that one used to doing concrete work on walls, and who was perfectly safe until put off balance by the fall of another person, assumed the risk of another person's falling (a person actually on the ground at the time) so as to be barred from recovery as a matter of law.

It was error to direct a verdict.

*Judgment reversed. Quillian and Webb, JJ., concur.*

SUBMITTED MAY 5, 1976 — DECIDED MAY 19, 1976.

*Rich, Bass, Kidd & Witcher, Charles T. Bass, Casper Rich,* for appellant.

*Whelchel, Dunlap & Gignilliat, Weymon H. Forrester,* for appellee.