## 54895. SPAULDING v. RICH'S, INC. et al.

MCMURRAY, Judge.

This appeal is from the order of the trial court dismissing appellant's appeal of that court's orders, dated December 21, 1976, granting appellees' separate motions for summary judgment. On January 19, 1977, appellant filed an affidavit stating that because of her poverty she was unable to pay the cost or post bond as required for an appeal. Appellee, Rich's, Inc., then filed a motion to stay the transmittal of the record on appeal and to disallow appellant's pauper's affidavit and the trial court by rule nisi dated January 27, 1977, set the date of March 29, 1977, for a hearing on the motion to disallow appellant's pauper's affidavit. In this order the trial court further directed that *"[t]ransmittal of the record on appeal is stayed pending further order of the Court."* (Emphasis

supplied.) Discovery conducted on the issues presented on appellee Rich's, Inc.'s motion disclosed that appellant was employed at an annual salary of $12,000 per year and that appellant had received income ranging from $6,400 to $11,000 in the preceding five years. Appellant was also shown to have liquid assets in excess of $500, including $30 in a checking account and $150 in a credit union savings account. During the course of the discovery appellant filed another pauper's affidavit in which she stated, "[t]his affidavit is made for use in connection with Motion to Dismiss Pauper's Affidavit. Deponent is financially unable to pay the cost of Appeal in the within matter, without doing without necessaries in keeping with her present standard of living." On May 4, 1977, appellee Credit Bureau of Georgia, Inc. filed a motion to disallow appellant's pauper's affidavits. On June 20, 1977, appellant filed a motion for leave to withdraw her pauper's affidavit and pay the cost of appeal. However, no express ruling was ever made on this motion of appellant nor on appellees' motions to disallow appellant's pauper's affidavit.

Appellees then moved, in separate motions, to dismiss the appeal, arguing that appellant's frivolous pauper's affidavit had resulted in inexcusable and unreasonable delay in the transmission of the record to the Court of Appeals. In granting these motions to dismiss the appeal in its order dated July 12, 1977, the trial court expressly held that, "the delay of over 150 days in transmitting the record in this case to the appellate court was an unreasonable delay; and . . . this delay was inexcusable and was caused by the act of the Plaintiff in failing to pay costs or to file a bona fide 'pauper's affidavit'; and by the acts of Plaintiff thereafter." *Held:*

The trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624). Should the term pauper's affidavit in this statute be construed to mean "bona fide" pauper's

affidavit so that where, as here, the pauper's affidavit is subsequently shown to be frivolous, the appellant would be subjected to the sanction of dismissal of his appeal? Such a construction was not the intent of the legislature. Code Ann. § 6-1003 (Ga. L. 1965, pp. 18, 23; 1966, p. 723), as well as Code Ann. § 24-3413 (Ga. L. 1955, p. 584) provides the procedure by which the truthfulness of a pauper's affidavit may be contested. Before the adoption of the statute in Ga. L. 1955, p. 584 (see also amendment to Code Ann. § 6-1003, supra), there was no provision for the traversing of pauper's affidavits. If the legislature had intended to change from the one extreme of no provision for a traverse of a pauper's affidavit to the other extreme of providing the sanction of dismissal of the appeal if the pauper's affidavit was shown to be frivolous, they would have done so with clear and comprehensive language to that effect.

Where a pauper's affidavit is successfully traversed the appellant should be required to pay the court costs and provide such supersedeas bond as is appropriate to the circumstances. Upon an appellant's failure to comply, then a dismissal would be authorized. Dismissal under the provisions of Code Ann. § 6-809 (b), supra, because the pauper's affidavit submitted by appellant is successfully traversed was erroneous. Compare *Whitus v. Caldwell,* 229 Ga. 604 (193 SE2d 613); *Tootle v. Player,* 225 Ga. 431, 433 (4) (169 SE2d 340).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED NOVEMBER 1, 1977 — DECIDED JANUARY 4, 1978.

*Scott Walters, Jr.,* for appellant.
*Carter, Ansley, Smith & McLendon, A. Terry Sorrells, John G. Parker, Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellees.