## 57225. JONES v. MONROE NURSING HOME, INC. et al.

McMURRAY, Presiding Judge.

This is a personal injury case resulting from an elevator incident in a nursing home. Plaintiff sued the nursing home (a corporation), two individuals allegedly doing business as the nursing facility, and the manufacturer of the elevator. Plaintiff also sued two other individuals whom she contends allegedly acting as her

parents signed a release and indemnity agreement for her without authority as her agents or guardians.

We are concerned here with the appeal by the plaintiff of an order filed September 7, 1978, granting summary judgment in favor of Monroe Nursing Home, Inc., d/b/a Monroe Intermediate Care Facility. An application for immediate appeal was made to this court but same was denied on October 4, 1978.

On October 9, 1978, the trial court entered an order, filed on that date, that the judgment of the court rendered on September 7, 1978, "should be made a final judgment, [and] it is hereby amended, nunc pro tunc, so that incorporated expressly therein is a finding that there is no just reason for delaying entry of final judgment." Whereupon, plaintiff immediately filed her notice of appeal on the same date (October 9, 1978) from the judgment granting summary judgment against her on September 7, 1978. *Held:*

1. The summary judgment order was filed on September 7, 1978. September has 30 days; therefore, the 30-day time requirement delineated by Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) expired on October 7, 1978, a Saturday. Because the time period expired on Saturday it was extended until the following Monday, October 9, 1978, the date upon which notice of appeal was filed in this case. The filing of the notice of appeal was timely. See *Red Hill Lumber Co. v. Miller,* 112 Ga. App. 882 (1) (146 SE2d 918).

No issue was raised in the trial court as to whether the notice of appeal should be dismissed for unreasonable and inexcusable delay in transmitting the record due to failure to pay costs; therefore, this issue may not be raised for the first time on appeal. Code Ann. § 6-809 (b) (Ga. L. 1968, p. 1072; 1978, p. 1986).

The motion to dismiss the appeal is denied.

If the nunc pro tunc order on October 9 gave the judgment finality as of that date, then the appeal was timely, since under *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641), the summary judgment order was not appealable directly until this order (nunc pro tunc order of October 9, 1978) made it final.

2. The injury for which plaintiff brings this suit for

damages was sustained when plaintiff, at that time eight years old, was taken to the nursing home where her mother was an employee and on duty. The injury occurred when plaintiff in operating an elevator with a folding metal lattice gate stood with her foot protruding through the metal lattice so that it was crushed between the elevator and a beam supporting the upper floor of the nursing home. The purpose of the plaintiff's operation of the elevator was to complete an errand for a patient at the nursing home.

Despite conflicting evidence on the issue of the nursing home's policy and practice toward having children of the employees on the premises, the trial court determined that plaintiff was at most a licensee. This determination appears to be based upon the decision of this court in *Murray Biscuit Co., Inc. v. Hutto,* 119 Ga. App. 377 (167 SE2d 182).

Plaintiff contends that she was on the premises as an invitee, arguing that her being at the nursing home on the day of her injury was of some economic benefit to the corporation. Plaintiff contends that patients enjoyed talking and visiting with her and this enured economic benefit to the nursing home. Furthermore, the plaintiff argues that, had she not gone to the nursing home with her mother, her mother would have missed work and therefore her presence at the nursing home bestowed an economic benefit. Also, we note that according to plaintiff's testimony at the time of her injury she was going to the room of a patient to get her some writing paper to write for her. Presumably, if this child had not been present a paid employee of the nursing home would have been asked to undertake this errand. The service of the child in doing such errands may have been of economic benefit to the nursing home in that it released nursing home personnel for other tasks.

Because there is some evidence from which a jury might conclude that plaintiff's presence at the nursing home was of economic benefit to the nursing home we must consider, for summary judgment purposes, that plaintiff may have been an invitee. The duty owed an invitee is one of ordinary care and whether this standard of care has been met is usually a question of fact for the

jury except in plain and indisputable cases. *Speir v. Stephenson,* 138 Ga. App. 690 (1, 4) (227 SE2d 469).

Issues of material fact remain for the jury. Therefore, the grant of summary judgment was erroneous.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

Argued February 13, 1979 — Decided April 9, 1979.

*Paul M. Hoffman, James R. Venable,* for appellant.
*Sorrells, Hearn & Childers, George J. Hearn, III, Preston & Allgood, William L. Preston, Henry P. Austin, Glenn Frick,* for appellees.