59159. HUBBARD v. FARMERS BANK.

Submitted January 11, 1980 — Decided February 15, 1980.

*Walton Hardin,* for appellant.
*Peter J. Rice, Jr.,* for appellee.

Deen, Chief Judge.
The trial court has the authority in a proper case to dismiss appeals. Code § 6-809 (b) gives the judge specific authority to do so where there is an unreasonable (inexcusable) delay in transmitting the record to the appellate court caused by failure of the appellant to pay costs or file a pauper's affidavit. In civil cases the notice of appeal acts as a supersedeas unless the appellee moves for a bond; Code § 6-1002 provides that when this is done the trial court *shall* require a bond be given in an amount within his discretion. Presumably this makes the setting of a bond in some amount mandatory when the motion is properly presented and found to be reasonable. A pauper's affidavit complying with Code § 6-1003 will relieve the appellant from this necessity, but may be traversed and proved untrue. However, such affidavit even though untrue or frivolously filed, does not subject the defendant to the sanction of dismissal of his appeal. *Spaulding v. Rich's, Inc.,* 144 Ga. App. 467, 469 (241 SE2d 584) (1978). The remedy for failure to file or frivolously filing a pauper's affidavit is not dismissal of the appeal but

divestiture of the protection of the supersedeas. It "does not operate as a condition precedent to deprive an appellant of his right to have his appeal transmitted to the appellate court for review." *DeFee v. Williams,* 114 Ga. App. 571, 572 (151 SE2d 923) (1966), and see *Lake Spivey Parks, Inc. v. Jones,* 118 Ga. App. 60 (162 SE2d 801) (1968); *Byers v. Lieberman,* 126 Ga. App. 582 (1) (191 SE2d 470) (1972) et cit. It follows that failure to comply with an order to post a supersedeas bond has the sole effect of removing any supersedeas features of the appeal, and leaves the appellee at liberty, if he chooses to do so, to make whatever levy of execution or other action may be available to collect his debt, always remembering that he does so at his peril if the judgment is reversed on appeal.

We approve the reasoning of this court in *Spaulding v. Rich's, Inc.,* 144 Ga. App. 467, supra, at page 469, that the legislative change from no provision for traverse of a pauper's affidavit to the present rule did not result in "the other extreme of providing the sanction of dismissal of the appeal if the pauper's affidavit was shown to be frivolous." A judgment of the trial court, after a hearing where evidence is presented, is final and nonreviewable both as to payment of costs and giving of bond. Code § 24-3413. *Grace v. Caldwell,* 231 Ga. 407 (4) (202 SE2d 49) (1973). The clerk of court of is not required to copy and forward the record in an appealed case until the costs are paid or a valid pauper's affidavit submitted, and the prevailing party is free to levy immediately on whatever assets of the appellant may become available. Failure to pay costs in the trial court or to file a valid pauper's affidavit which results in unreasonable delay in forwarding the record to the appellate court is a ground for dismissal in the trial court under Code § 6-809 (b) and this is the meaning of the statement in the last paragraph of the *Spaulding* case that where a pauper's affidavit is successfully traversed, and the defendant then fails to pay the costs the delay subjects the appeal to dismissal. It should not be read as requiring *both* payment of costs *and* posting of the bond, since the Code section refers only to nonpayment of costs as this inordinately delays the appeal.

We are aware that the chronology of this case differs from that outlined in Code Chapter 6-10. However, the

purpose of a traverse to a pauper's affidavit is simply to allow a hearing on the ability to pay. In this case the hearing originated via a rule nisi attached to the appellee's motion for bond, and the same result has been accomplished. We thus treat the case as though the hearing had been initiated by a traverse of the pauper's affidavit (which was in fact filed in the trial court) rather than by a rule nisi on the motion to set bond. Further, since there is a recital that the plaintiff offered evidence, and that all parties were present, we would, if the decision were reviewable, conclude from the lack of a transcipt of evidence that that which was offered was sufficient for the purpose. This view of the case places it within the purview of the language discussed in *Spaulding v. Rich's,* supra.

*Judgment reversed and case remanded to the trial court with direction to enter a final judgment on the merits of the motions for new trial and judgment notwithstanding the verdict. Birdsong and Sognier, JJ., concur.*