60352. KNIGHT v. FIRST NATIONAL BANK OF ALBANY.

QUILLIAN, Presiding Judge.

Defendant appeals from the order of the trial judge dismissing his appeal.

The original judgment in this case was entered on December 14, 1979, and defendant appealed on January 14, 1980. Upon being advised on January 18, 1980, of the bill for costs the defendant filed a pauper's affidavit on January 28, 1980. Counsel for the plaintiff traversed this affidavit on February 4, 1980. The issue as to the traverse of the pauper's affidavit was heard by the trial court on March 6, 1980, "at which time the Court sustained the Traverse and ordered Knight [the defendant] to pay costs and give supersedeas bond as condition to filing appeal." This order was entered on March 14, 1980.

On March 12, 1980, the plaintiff filed a motion to dismiss the notice of appeal. On March 28, 1980, the trial judge entered an order dismissing the appeal on the grounds: that the appellant must pay the costs or file a valid pauper's affidavit; that the failure to pay the costs of the appeal was both unreasonable and inexcusable. The judge also found the notice of appeal had been filed late. *Held:*

1. The trial judge erred in his finding that the notice of appeal was not timely. The last day for filing the notice of appeal fell on a Sunday (January 13, 1980). Thus, the filing on Monday, January 14, 1980, was timely. *Jackson v. State,* 130 Ga. App. 581 (1) (203 SE2d 923); *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193, 195 (1) (b) (210 SE2d 361).

2. We, therefore, consider the basis for dismissal predicated on the failure to pay costs.

In *Spaulding v. Rich's, Inc.,* 144 Ga. App. 467, 468 (241 SE2d 584) this court postulated: "The trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that

such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit. [Cits.] Should the term pauper's affidavit in this statute be construed to mean 'bona fide' pauper's affidavit so that where, as here, the pauper's affidavit is subsequently shown to be frivolous, the appellant would be subjected to the sanction of dismissal of his appeal? Such a construction was not the intent of the legislature . . .

"Where a pauper's affidavit is successfully traversed the appellant should be required to pay the court costs and provide such supersedeas bond as is appropriate to the circumstances. *Upon an appellant's failure to comply, then a dismissal would be authorized.* Dismissal under the provisions of Code Ann. § 6-809 (b), supra, because the pauper's affidavit submitted by appellant is successfully traversed was erroneous." (Emphasis supplied.) Accord, *Hubbard v. Farmers Bank,* 153 Ga. App. 497, 499 (265 SE2d 845).

In the case sub judice the trial judge, in his order finding that the defendant was not a pauper, directed the defendant to post a supersedeas bond and pay the costs of the appeal. The subsequent judgment dismissing the appeal found a failure to pay the costs which was both unreasonable and inexcusable. We, therefore, find the dismissal was authorized as outlined in *Spaulding v. Rich's, Inc.,* 144 Ga. App. 467, supra.

3. The enumeration of error with regard to the alleged variance between the judgment and the execution thereunder was not raised in the lower court by affidavit of illegality or otherwise. It is therefore not ripe for adjudication in this court.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED OCTOBER 21, 1980.

*Stephen E. Franzen, G. Gerald Kunes,* for appellant.
*Robert D. Goldsmith,* for appellee.