## 69358. GOLDEN v. NEWSOME et al.
### (326 SE2d 521)

BIRDSONG, Presiding Judge.

Dismissal of Conversion Complaint. Robert Golden at all times during this litigation has been a prisoner incarcerated in the Georgia State Prison at Reidsville. On November 10, 1983, during a shakedown of his cell, a clipboard with metal corners was confiscated (as being potentially convertible to a weapon). Sometime between November 10 and December 20, 1983, at another shakedown, a high intensity reading lamp allegedly was removed from Golden's cell. Finally on December 20, Golden was moved from one cell block area in the prison to another. All his belongings were packed to facilitate the move. When Golden unpacked his belongings, he complained of the loss of a bag of coffee, a black ink marker, and his personal "record book" (apparently a diary).

On February 22, 1984, Golden filed pro se a complaint asserting that his property was unlawfully taken by prison officials and converted to some use other than his own. He complained this conversion violated his rights against unlawful seizure and conversion of his personal, private property. He sought actual damages of $50 and punitive damages of $1,000 against each of the four named defendants individually. On that same date, Golden filed a motion to proceed in forma pauperis, contending that he had inadequate resources to pay the filing fees. Answer was filed by the defendants on March 22. A hearing was set by the trial court for March 27, 1984. At that hearing, the defendants moved to dismiss the complaint by traversing the affidavit of poverty, contending that Golden had sufficient funds in his prisoner account to pay the filing fees. At the hearing on March 27, Golden made no showing of record that he had inadequate funds as of the time of filing, nor did he offer to pay filing fees.

On April 3, 1984, the trial court, having concluded that Golden had filed a false affidavit and perpetrated a fraud on the court, found that Golden was not a pauper and ordered the complaint dismissed. On April 12, 1984, Golden filed a motion for reinstatement of his complaint. Accompanying that motion for reinstatement was evidence as to the status of his prisoner account as of February 22 when the complaint was filed. After consideration of the motion for reinstatement and the additional evidence submitted, the trial court denied the same on April 24. As of that date, Golden had not offered to pay either a filing fee or costs. Golden filed his notice of appeal together with a second pauper's affidavit in a timely fashion on April 24, 1984. *Held*:

The truth of a pauper's affidavit must be traversed in the trial court. *Mark Trail Campgrounds v. Field Enterprises,* 140 Ga. App. 608 (231 SE2d 468). A judgment of the trial court, after a hearing

where evidence is presented as to a traverse of a pauper's affidavit, is final and non-reviewable as to the payment of costs or the necessity therefor. *Grace v. Caldwell*, 231 Ga. 407 (4) (202 SE2d 49). See also *Harris v. State*, 170 Ga. App. 726 (318 SE2d 315). While a pauper's affidavit may be traversed and proven to be untrue, proof that the affidavit is untrue or frivolously filed does not in and of itself subject the defendant to the sanction of dismissal of his appeal. *Spaulding v. Rich's*, 144 Ga. App. 467, 469 (241 SE2d 584). However, a failure to pay costs in the trial court or to file an untrue pauper's affidavit which can or does cause an unreasonable delay in forwarding the record to the appellate court is a ground for dismissal in the trial court. This has been the interpretation of the holding of the *Spaulding* case, supra. *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 499 (265 SE2d 845). In this case, notwithstanding the trial court's determination that Golden had sufficient funds to pay a filing fee and ostensibly costs, Golden has made no effort to pay such costs, continuing to maintain that he is a pauper and cannot and will not pay such costs. Where the pauper's affidavit is traversed successfully, the appellant is required to pay costs prior to effectuating an appeal. Upon an appellant's failure to comply, a dismissal is authorized. Golden, having clearly demonstrated to the trial court's satisfaction that the facts in his pauper's affidavit were false and that he (Golden) had no intention of paying costs, it was not error for the trial court to dismiss the complaint with prejudice. Compare *Whitus v. Caldwell*, 229 Ga. 604 (193 SE2d 613).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 18, 1985.

Robert Golden II, *pro se.*

Michael J. Bowers, Attorney General, John C. Jones, Assistant Attorney General, for appellees.