69565, 69567, 69568. DUNCAN v. BALL et al.; and vice versa.
69566. COBB BANK & TRUST COMPANY v. DUNCAN.
(330 SE2d 160)

BEASLEY, Judge.

The main appeal (69565) was taken from the order of the trial judge dismissing the appeal for the failure of appellant to pay the costs. The cross-appeal in 69567 was taken from the ruling denying cross-appellant's motion for directed verdict as to their cross-claim and counterclaim. The cross-appeals in 69566 and 69568 and the amended cross-appeals in 69567 challenge the trial judge's modification of the original judgment entered on July 18, 1983, by an order dated June 8, 1984, after the instant main appeal had been filed on March 15, 1984.

I. *69565 Main Appeal*

The appellant-plaintiff Duncan brought an action arising out of the foreclosure sale of her house, alleging violations of the Consumer Credit Protection Act (15 USC § 1601 et seq.), the Secondary Security Deed Act (OCGA § 7-4-31 et seq.) and various irregularities in the foreclosure sale. Nearly five years later the case was tried before a jury for approximately 25 days resulting in a verdict for the defendants on July 15, 1983. Judgment was entered on the verdict July 18, 1983.[1] On August 10, 1983, Duncan filed a motion for judgment not-

---

[1] A further recitation of the facts appears in *Duncan v. Ball,* 172 Ga. App. 750 (324 SE2d

withstanding the verdict, followed on August 11, 1983, with a motion for new trial and a pauper's affidavit alleging she was "without funds and cannot obtain funds to pay the court costs, filing fees and court reporter charges necessary to pursue an appeal of the judgment . . ." The various defendants filed traverses to the pauper's affidavit. The issues were heard on September 21, 1983, and a judgment entered denying the motions for new trial and judgment n.o.v. and sustaining the traverses to the pauper's affidavit and striking it.

On October 21, 1983, Duncan filed a notice of appeal. This was followed on November 29, 1983, and thereafter by motions to dismiss the appeal because of failure to pay the costs and for actions causing a delay in the transmission of the appeal in that the appeal was defective in not clearly specifying what portions of the record were to be included and excluded. On December 12, 1983, after a hearing the trial judge denied the motions to dismiss the appeal on the condition that within 24 hours Duncan file an amended notice of appeal "specifically enumerating, by filing date, the order or orders from which appeal is taken and all parts of the record, by date of filing, which are to be omitted from the record on appeal." The order recited: "Plaintiff has consented to this provision in open court." Thus, additional time was given to pay costs. In compliance with this order Duncan filed an amended notice of appeal on December 13, 1983, which stated appeal was taken "from the jury verdict filed July 15, 1983, and the judgment filed July 18, 1983, in that the court erred in denying plaintiff's motion for partial summary judgment by order filed December 28, 1979."

A bill of costs for Duncan was prepared on December 15, 1983. Duncan then filed an "affidavit of inability to pay costs of preparation of record on appeal" on January 5, 1984. All the defendants filed traverses to the second claim of indigency and also motions to dismiss the appeal since the court costs for preparation of the record were not paid. On January 31, 1984, Duncan filed a "motion to correct final judgment" contending that the verdict and judgment did not fully and accurately reflect the result in the case.

A lengthy evidentiary hearing was duly held on February 14, 1984. The "motion to correct final judgment" was denied; the traverses to the plaintiff's claim of indigency were sustained and her affidavit stricken. As to the motions to dismiss the appeal, and based on the argument, evidence, and all that had happened previously, the plaintiff was orally ordered to pay the costs "instanter" or the appeal would be dismissed pursuant to the motions. However, it transpired that after discussion with counsel, a recess was declared in order that

it be ascertained whether plaintiff would pay or could provide some assurance or even a reasonable expectation of payment. After the recess of approximately 10-15 minutes, counsel stated that he conferred with appellant and that she would not pay it and would not allow her attorney to advance the amount although he had offered to do so. The court stated that, payment not having been made and no reasonable expectation of its payment having been given, an order was entered dismissing the appeal. The present appeal was subsequently filed on March 15, 1984, and specified the various orders of February 14, 1984. The sole enumeration of error is that the trial court erred by dismissing the appeal "only 15 minutes after a ruling of [sic] a traverse of the appellant's pauper's affidavit," on the ground that this violated her federal Fourteenth Amendment due process rights. *Held*:

1. OCGA § 5-6-47 (b) provides for a means of contesting an affidavit of indigence, a hearing of such issues and that "[t]he judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." See OCGA § 9-15-2 (b). Insofar as plaintiff attempts to re-argue the factual issue of her indigency, we find this ground to be meritless. *Harris v. State*, 170 Ga. App. 726 (318 SE2d 315) (1984).

2. OCGA § 5-6-48 (c) states that the trial court (not an appellate court) "may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days . . . of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

On appellate review the sole test is whether the trial judge abused his discretion in dismissing the appeal. *Gay v. City of Rome*, 157 Ga. App. 368 (277 SE2d 741) (1981). Normally there may be such abuse of discretion where there is an absence of evidence to sustain a finding regarding the statutory requirements — that there was an unreasonable delay which was inexcusable. However, the plaintiff does not make that argument but confines her contentions solely to the fact that dismissal of the appeal unless the costs were paid "instanter" was an abuse of discretion and a violation of her federal constitutional rights to due process. She cites no authority for this specific proposition and makes only cursory and conclusory superficial argument in its support. This court has held: "Where a pauper's affidavit is successfully traversed the appellant should be required to pay the court costs and provide such supersedeas bond as is appropriate to the circumstances. Upon an appellant's failure to comply, then a dismissal would be authorized." *Spaulding v. Rich's, Inc.*, 144 Ga. App.

467, 469 (241 SE2d 584) (1978). Accord *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 499 (265 SE2d 845) (1980); *Knight v. First Nat. Bank, Albany*, 156 Ga. App. 167, 168 (274 SE2d 139) (1980). Our Supreme Court has pointed out that, after a determination is made that one is in fact able to pay costs, "the case should be dismissed if costs are not promptly paid." *Portis v. Evans*, 249 Ga. 396, 397 (291 SE2d 511) (1982).

It is clear that a reasonable time in which to pay costs should be permitted, but what is a reasonable time must be considered in light of the facts of each individual case. Here one pauper's affidavit was filed, traversed and stricken; time elapsed while the clerk was unable to prepare a record from the information contained in the notice of appeal, then motions to dismiss were filed. After a hearing the motions were denied on the condition that an amended notice be filed, then costs were assessed and a second pauper's affidavit was filed, traversed and motions to dismiss were filed. This occurred over a period of some five months. The second affidavit was stricken and only then did the court initially require costs to be paid "instanter." At that point there was nothing unreasonable in the order, the matter had dragged on interminably and was ripe for resolution. Even then, the court relented and allowed time to come up with payment or some reasonable plan for payment within a reasonable time. It became clear that the costs would simply not be paid. Time ceased to be a factor.

In the context in which the various events transpired, the trial court was justified in granting the motion to dismiss the appeal because there had been an unreasonable delay which was inexcusable and was caused by plaintiff's deliberate failure to pay costs. The requirement for payment of costs then or to at least give some reasonable assurance that they would be paid and when was authorized by the situation which existed. We find no abuse of discretion such as would be a violation of plaintiff's Fourteenth Amendment rights to due process of law.

## II. *69567 Cross-Appeal*

Since this was a true cross-appeal requiring a ruling only on the contingency of a reversal of the main appeal, the issues therein are moot.

## III. *69567 Amended Cross-Appeal 69566, 69568 Cross-Appeals*

Although the trial judge on February 14, 1984, denied the plaintiff's motion to correct the verdict and judgment, on June 8, 1984, after a notice of appeal had already been filed and without notice to the party defendants, the trial judge entered an amendment nunc pro

tunc to the judgment of July 18, 1983. These self styled cross-appeals each raise the issue that such action was unauthorized for various reasons: there was no hearing; there was no pending motion; and this was outside the term of the original judgment; the case was already on appeal.

Some of these bases might be meritorious. Nevertheless, the action taken by the trial judge can only be construed as a recitation of what occurred prior to verdict. In brief the judgment as amended now recites that the trial judge instructed the jury there was a material alteration of the third security deed and it was left for the jury to determine whether it was made with fraudulent intent. It then continues (as originally set forth) that after hearing testimony, evidence, argument, etc. the jury found in favor of the defendants and having returned its verdict for defendants "it is hereby ordered and adjudged that plaintiff have and recover nothing of defendants and that defendants recover their costs . . . against plaintiff." The judgment itself is in no way affected so far as can be ascertained from the record before us and the action can only be described as a memorialization of a portion of the trial proceedings so as to show it. Whether it was authorized or not, see OCGA § 9-11-60 (g), the amendment is immaterial because it changed nothing of substance. By our holding we reason there was no new judgment, order or ruling on June 8, 1984, which could be the subject of appeal such as that taken by cross-appellants.

Therefore, the cross-appeals in 69566 and 69568 and the amended cross-appeal in 69567 are dismissed.

Appellees Ball, Fokes, and Shuping have moved the Court to impose a penalty for frivolous appeal, as authorized by Rule 26 (b). Upon consideration thereof, it is deemed warranted. Therefore, the trial court is directed to enter an order assessing a penalty of $500 and to award judgment thereon against appellant and in favor of appellees Ball, Fokes, and Shuping jointly and severally.

The same appellees also seek relief in this Court regarding appellant's notice of cross-appeal filed in the trial court. That motion is denied for the reason that the motion must be addressed to the trial court.

*Judgment affirmed with direction in 69565; appeals dismissed in 69566, 69567 & 69568. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 29, 1985 —
REHEARINGS DENIED MARCH 29, 1985 — 

*Victoria D. Little, Sidney L. Moore, Jr.*, for Duncan.
*Wade K. Copeland, Richard A. Gordon, Matthew H. Patton, Andrew M. Brumby, Toby B. Prodgers*, for Ball et al.

*Matthew H. Patton, Andrew M. Brumby,* for Cobb Bank & Trust Company.