A90A0149. CASTAGNA v. ROGERS.
(395 SE2d 58)

BANKE, Presiding Judge.

This appeal arises from an action by the appellee, a Virginia attorney, to recover fees for representing the appellant and three corporations owned by him, which were identified in the complaint as follows: "HASTINGS INDUSTRIES, INC., U. S. ENERGY CONSERVATION SYSTEMS, INC., a Georgia corporation, and U. S. ENERGY CONSERVATION SYSTEMS, INC., a Delaware corporation." (Also named as a defendant in the original complaint was a second individual who was later voluntarily dismissed from the action by the appellee.) The appellant and the three corporate defendants failed to answer the complaint; and on April 26, 1982, following a non-jury trial on the issue of damages, the appellee obtained a default judgment against the appellant, Hastings Industries, Inc., and "U. S. Energy Conservation Systems, Inc." in the amount of $61,008.86. On

January 28, 1987, the appellant filed a motion to set aside this judgment on the ground that he had never been served in the action. That motion was denied on May 11, 1988, whereupon the appellant filed a direct appeal, which he subsequently withdrew. Thereafter, the appellant filed a motion "[t]o confirm dismissal, or, in the alternative, to open the default, or, in the alternative, to resolve the claims against the remaining defendants." Because only one corporation with the name, U. S. Energy Conservation Systems, Inc., had been listed as a defendant in the 1982 default judgment, the appellant argued that the judgment had not adjudicated all claims against all parties and therefore was not final, with the result that the action had remained pending from 1982 to 1988 (a period of more than five years) without any written order having been entered in it. The appellant took the position that the complaint had therefore been dismissed automatically pursuant to OCGA § 9-2-60 (b). The appellee responded to the appellant's motion by moving to correct and amend the original judgment, arguing that the failure to list both of the corporate defendants named U. S. Energy Conservation Systems, Inc., had been a mere oversight in drafting. The trial court agreed and entered an amended judgment in favor of the appellee nunc pro tunc as of the date of the original judgment, while denying the alternative motions filed by the appellant. This appeal followed. *Held*:

The appellant does not dispute that all three corporate defendants were in default as of the date of trial on April 26, 1982, and there is no conceivable reason why the trial judge would have intended to exclude either of the corporate defendants with the name, U. S. Energy Conservation Systems, Inc., from the ambit of the default judgment. Thus, we conclude that the nunc pro tunc amendment "changed nothing of substance . . . [with the result that] there was no new judgment, order of ruling . . . which could be the subject of appeal." *Duncan v. Ball*, 174 Ga. App. 341, 345 (330 SE2d 160) (1985). It follows that the present appeal must be dismissed.

*Appeal dismissed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 4, 1990.

*Troutman, Sanders, Lockerman & Ashmore, Kevin C. Greene, Elizabeth F. Johnson*, for appellant.
*Freisem, Swann & Malone, C. Cyrus Malone III*, for appellee.