Bank of N. Georgia v. Rose, No. 370-9-11 Bncv (Hayes, J., Nov. 9, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT

SUPERIOR COURT                                                      CIVIL DIVISION
Bennington Unit                                                     Docket No. 370-9-11 Bncv

| | |
|---|---|
| Bank of North Georgia<br>  Plaintiff<br><br>  v.<br><br>Gerald W. Rose<br>  Defendant | |

DECISION ON MOTION TO DISMISS

On March 10, 2011, plaintiff won a judgment of $2,013,127.25 against defendant in the Superior Court of Fulton County, Georgia.[1]  Plaintiff alleges that defendant "owns real property within the borders of the State of Vermont," and seeks enforcement of the Georgia judgment.  Although the complaint demands judgment based upon the foreign judgment, the court will treat the demand as a request to domesticate and enforce the foreign judgment under the Full Faith and Credit Clause of the Constitution. U.S. Const. Art. 4, § 1.

Defendant filed a motion to dismiss on September 13, 2011, alleging that Vermont may not enforce the foreign judgment while an appeal is pending in Georgia.  On September 26, 2011, plaintiff sought to amend her complaint in response to defendant's motion to dismiss.  Defendant argues that the case should be dismissed even if the court accepts plaintiff's amended complaint.

To domesticate and enforce a foreign judgment under the Full Faith and Credit Clause, the foreign judgment must be  final, and on the merits of the case. *Miller v. Miller*, 123 Vt. 221, 223 (1962). Vermont does not consider judgments on appeal to be "final" for the purposes of domestication and enforcement:

---

[1] Plaintiff's complaint omits page two of the Georgia court's order, so it is unclear to this court what exactly the facts of the Georgia dispute are.

An insurmountable difficulty here is that [the plaintiff] is coming to Vermont with an order which is not final. It is under appeal. The parties in their agreed statement are in accord that under California law an appeal from a custody order, such as we have here, does not operate as a stay. Hence, it is apparently assumed that it remains in full force and effect. But this is not the point. The point is that it has not finally been determined to be a valid order in California. On appeal it may be held otherwise. If this State sets out to give effect to the California order, before the appeal has been determined, it might find that it was assisting to compound error.

*In re Forslund*, 123 Vt. 341, 343 (1963). The dispositive question, therefore, is whether the Georgia judgment in this case is on appeal.

In its original complaint, plaintiff alleged that the Georgia case was not on appeal. Plaintiff admits this original allegation was in error, and seeks to amend its complaint. In its amended complaint, plaintiff asserts that the Georgia court ordered defendant to post a supersedeas bond during the pendency of the appeal, and that defendant has not posted the bond. Plaintiff argues that the defendant's failure to post the bond in Georgia effectively negates the appeal. In support of its argument, plaintiff cites *Hubbard v. Farmers Bank*, 153 Ga. App. 497 (1980). The court in *Hubbard* states clearly the effect of failure to post a supersedeas bond:

It follows that the failure to comply with an order to post a supersedeas bond has the sole effect of removing any supersedeas features of the appeal, and leaves the appellee at liberty, if he chooses to do so, to make whatever levy of execution or other action may be available to collect his debt, always remembering that he does so at his peril if the judgment is reversed on appeal.

*Id.* at 499.

The effect of defendant's failure to post the bond is that plaintiff is free to seek to collect on the Georgia judgment in Georgia. That fact does not change Vermont's analysis of whether the Georgia judgment is "final" for purposes of Full Faith and Credit. The reasoning of the *Forslund* case applies directly to this case, regardless of whether plaintiff is entitled to enforce the judgment in Georgia; if the Georgia court made an error, Vermont risks compounding that error by allowing enforcement of the judgment here. Accordingly, even accepting plaintiff's allegations in its amended complaint, defendant's motion to dismiss should be granted.

<u>ORDER</u>

Defendant's Motion to Dismiss (MPR #1), filed September 13, 2011, is ***granted***.


Dated at Bennington, Vermont this 9th day of November, 2011.


_____

Katherine A. Hayes
Superior Court Judge