**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 30, 2024**

# In the Court of Appeals of Georgia

A24A1399. IN RE: ESTATE OF GADSON HERNDON WOODALL, JR.

BARNES, Presiding Judge.

The Probate Court of Henry County initially appointed Gadson Herndon Woodall, III, and Valerie Kim Gardner as co-administrators of their deceased father's estate (collectively, "Administrators").[1] However, finding that they had breached their fiduciary duties to the estate, the probate court subsequently removed the Administrators and denied their motion for new trial and for judgment notwithstanding the verdict ("JNOV"). The Administrators filed notices of appeal from those rulings, and Gadson subsequently filed an affidavit of indigence asserting

---

[1] For clarity, the decedent's four children referenced in this opinion will be referred to individually by their first names.

that he was indigent and could not post a supersedeas bond or pay the bills of costs associated with the appeals. The decedent's remaining two children, William Vincent Woodall and Victor Glen Woodall, filed a traverse to Gadson's affidavit, and the probate court conducted a hearing and entered an order finding that Gadson was not indigent and had the financial means to post a supersedeas bond and pay the costs ("Indigency Order"). The Administrators filed a notice of appeal challenging the Indigency Order, but the probate court, concluding that the Indigency Order was not subject to appellate review, dismissed that notice of appeal ("Dismissal Order"). The Administrators then filed a notice of appeal challenging the Dismissal Order.

For the reasons discussed below, we conclude that the probate court did not have authority to dismiss the Administrators' notice of appeal from the Indigency Order, and we therefore vacate the Dismissal Order. And because we vacate the Dismissal Order, the Administrators' appeal of the Indigency Order is now before us. But the Indigency Order is not an appealable order, and so we dismiss the Administrators' appeal.

The pertinent factual and procedural background is as follows. Gadson Herndon Woodall, Jr., died intestate on April 10, 2022. He was survived by four adult

children: Gadson, William, Victor, and Valerie. In August 2022, the probate court appointed Gadson and Valerie as co-administrators of their father's estate.

In May 2023, William and Victor filed a motion seeking an accounting of the estate. In their motion, they asserted that they had requested proof of all account activities from the Administrators but had not received any of the requested documents, and that there were discrepancies in transactions, administrators' fees, and amounts taken from estate funds. The probate court entered an order requiring the Administrators to provide a full accounting of their administration of the estate and to appear for a hearing and show cause why they should not be removed from office for alleged breaches of their fiduciary duties. Following the hearing, the probate court, by order entered on August 7, 2023, found that the Administrators breached their fiduciary duties in the administration of the estate, removed them from their offices as co-administrators, revoked their letters of administration, and ruled that all costs incurred in the accounting action were to be paid by them in their personal capacities. The court also required Gadson to repay certain expenses, distributions, and fees to the estate.[2]

---

[2] By separate order, the probate court appointed the county administrator as successor administrator for the estate.

The Administrators filed a notice of appeal from the August 7 order removing them as co-administrators,[3] as well as a motion for new trial and for JNOV. After the filing of the notice of appeal, the clerk of the probate court issued a statement of appeal costs. William and Victor then filed a motion for supersedeas bond requesting that Gadson be required to post such a bond in an amount sufficient to satisfy the judgment entered against him, together with costs of the appeal, interest, and damages for delay. The probate court entered an order requiring Gadson to post a supersedeas bond in the amount of $233,000 within 20 days of the date of the order. Additionally, after conducting a hearing, the probate court entered an order on October 26, 2023, denying the Administrators' motion for new trial and for JNOV.

The Administrators filed a notice of appeal from the October 26 order denying their motion for new trial and for JNOV.[4] Gadson also filed an affidavit of indigence, averring that he was unable to post the supersedeas bond or pay court costs because of his financial condition.

---

[3] The notice of appeal from the August 7 order and corresponding record were not transmitted to this Court, and that appeal was never docketed.

[4] The notice of appeal from the October 26 order and corresponding record were not transmitted to this Court, and that appeal was never docketed.

In response to the affidavit of indigence, William and Victor filed a verified traverse to the affidavit, contesting Gadson's assertions of indigency. After conducting an evidentiary hearing, the probate court entered its Indigency Order on November 21, 2023, finding that Gadson's affidavit had been proven untrue, that he was not indigent, and that he had the financial means to pay the supersedeas bond as well as the costs associated with filing an appeal. The court ordered Gadson to post a supersedeas bond within 10 days of the date of the order and to pay the filing fees and court costs within 20 days of receiving a statement of costs. That same day, the clerk of the probate court issued an amended statement of costs.

The Administrators filed a notice of appeal from the Indigency Order. However, a few days later, on December 7, 2023, the probate court sua sponte entered its Dismissal Order in which it dismissed the Administrators' notice of appeal from the Indigency Order.[5] The probate court reasoned that dismissal of the notice of appeal was appropriate because its Indigency Order was final and not subject to

---

[5] The probate court further ruled that the Administrators' previous notices of appeals from the August 7 and October 26 orders remained pending and were not affected by the Dismissal Order.

appellate review. The Administrators have now filed an appeal challenging the Dismissal Order.

1. In several related enumerations of error, the Administrators contend that the probate court erred in dismissing their notice of appeal from the Indigency Order. We agree with the Administrators that the probate court lacked statutory authority to dismiss their notice of appeal on the ground that the Indigency Order was not appealable.

OCGA § 5-6-48 (c) provides in relevant part that

> the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

Discussing OCGA § 5-6-48, our Supreme Court has explained:

6

> Trial courts are authorized to dismiss an appeal only when there has been an unreasonable delay in the filing of the transcript or where there has been an unreasonable delay in the transmission of the record to the appellate court caused by the failure of a party to pay costs or file an indigency affidavit. Other dismissals are reserved to the appellate courts.

(Citation omitted.) *Jones v. Peach Trader*, 302 Ga. 504, 508-509 (II) (807 SE2d 840) (2017). See OCGA § 5-6-48 (c). Thus, "trial courts enjoy only limited authority to dismiss notices of appeal[.]" *Evans v. Jackson*, 368 Ga. App. 170, 172 (1) (a) (889 SE2d 343) (2023). And because "Georgia law vests appellate courts with the sole authority to determine if a decision or judgment is appealable," a trial court errs "in dismissing . . . [a] notice of appeal based on its own conclusion that the underlying order was not appealable." *Jones*, 302 Ga. at 504, 506 (II). See *Evans*, 368 Ga. App. at 172 (1) (a).

Here, the probate court dismissed the Administrators' notice of appeal from the Indigency Order on the basis that an order regarding an affidavit of indigence is unappealable to this Court. But, regardless of whether the Indigency Order was appealable, the probate court did not have authority to dismiss the notice of appeal on that basis. See OCGA § 5-6-48 (c); *Jones*, 302 Ga. at 506-511 (II); *Evans*, 368 Ga. App.

7

at 172 (1) (a). See also *Golden v. Newsome*, 173 Ga. App. 321, 322 (326 SE2d 521) (1985) ("While a pauper's affidavit may be traversed and proven to be untrue, proof that the affidavit is untrue or frivolously filed does not in and of itself subject the defendant to the sanction of dismissal of his appeal."); *Spaulding v. Rich's*, 144 Ga. App. 467, 469 (241 SE2d 584) (1978) (concluding that trial court's dismissal of appeal "because the pauper's affidavit submitted by appellant [was] successfully traversed was erroneous"). Accordingly, we vacate the probate court's Dismissal Order. See *Jones*, 302 Ga. at 511 (II); *Evans*, 368 Ga. App. at 172 (1) (a). The effect of our ruling is that the Administrators' notice of appeal challenging the Indigency Order is now before us. See id.

2. "This Court has a duty to inquire into its jurisdiction to entertain each appeal[.]" (Citation and punctuation omitted.) *Gwinnett County v. Netflix*, 367 Ga. App. 138, 145 (2) (885 SE2d 177) (2023). Generally, "[w]here it is apparent that jurisdiction to decide the case does not exist, the appeal must be dismissed."[6] (Citation and punctuation omitted.) *Evans*, 368 Ga. App. at 173 (1) (b). Consequently,

---

[6] Although not applicable in this case, where jurisdiction over an appeal lies in another court, we transfer the appeal to that court in lieu of dismissal. See Ga. Const. 1983, Art. VI, § I, ¶ VIII; Court of Appeals Rule 11 (b).

we now address whether the probate court's Indigency Order was appealable to this Court. See id. We conclude that it was not and thus dismiss the appeal.

Based on its review of Gadson's affidavit of indigence, the verified traverse to that affidavit, and the evidence presented at the hearing, the probate court entered its Indigency Order finding that Gadson was not indigent and had the financial means to post a supersedeas bond and pay court costs. Pursuant to OCGA § 9-15-2 (a) (1),

> When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

However, OCGA § 9-15-2 (a) (2) provides:

> Any other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court, under the rules of the court. *The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.*

(Emphasis supplied.) See also OCGA § 5-6-47.[7] Based on these statutory provisions,

we have held that "a trial court's discretion when reviewing an affidavit of indigence

is not appealable," and that "a trial court's findings concerning a party's indigence

are not reviewable in cases where the affidavit of indigence has been traversed[.]"

(Citations and punctuation omitted.) *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 189

(9) (558 SE2d 411) (2001). "The proper forum for determining the truth of a pauper's

affidavit is in the trial court, not in this [C]ourt. The trial court's ruling on all issues

of fact concerning the ability of a party to pay costs is final and not subject to review."

(Citations omitted.) *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985).

See *Penland v. State*, 256 Ga. 641, 642 (352 SE2d 385) (1987) (upholding

---

[7] OCGA § 5-6-47 provides:

(a) In all civil cases where the party taking an appeal files an affidavit stating that because of his indigence he is unable to pay costs or to post a supersedeas bond, if any, as may be required by the trial judge as provided in Code Section 5-6-46, the notice of appeal and affidavit of indigence shall act as supersedeas.

(b) Any party at interest or his agent or attorney may contest the truth of the affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the trial court under the rules of the court. *The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.*

(Emphasis supplied.)

constitutionality of OCGA § 9-15-2 (a) (2), which the Supreme Court construed as "provid[ing] that the [trial] court's judgment in regard to appellant's indigency is not subject to review"); *Morris v. Dept. of Transp.*, 209 Ga. App. 40, 40 (432 SE2d 638) (1993) (concluding that trial court's factual determination that a party lacks indigency status "is final and not subject to review by this [C]ourt") (citation and punctuation omitted).[8] Because this appeal presents nothing for us to review, we dismiss the Administrators' appeal from the Indigency Order. See *Rolleston*, 253 Ga. App. at 189 (9).

*Judgment vacated and appeal dismissed. Gobeil and Pipkin, JJ., concur.*

---

[8] There is an exception to the general rule against appellate review of a trial court's indigency ruling where the appellant challenges the procedure used by the trial court in making its ruling. See *Boyd v. JohnGalt Holdings*, 318 Ga. App. 866, 868 (1) (736 SE2d 459) (2012). However, the Administrators have not pointed to any procedures that the probate court used or failed to use in making its indigency determination that they are challenging on appeal.